**Weldon Clark DIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52050.**

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

Cleophas R. Steele, Jr., Dallas, for appellant.

Jerry Spencer Davis, Dist. Atty., Tommy Bastain, Asst. Dist. Atty., Greenville, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury appellant was convicted of aggravated robbery. See V.T. C.A. Penal Code, Sec. 29.03. Punishment was assessed by the jury at sixty-five years.

Appellant challenges the sufficiency of the evidence to support the verdict. When the evidence is considered in the light most favorable to the verdict, the record reflects as follows:

L. C. Sibley, the complainant, on October 22, 1974, was the operator of a service station, jointly used also as a bus station, in Commerce. His sister, Jeanette Welch, present at the time of the robbery, was agent for the bus company. Sibley testified that at around 4:00 in the afternoon two black men entered that station and bought soft drinks. As Sibley stood at the cash register, one of the men walked up behind him and hit him on the left side of the face with a bright-colored pistol.

He testified that a pistol, later placed in evidence as State's Exhibit No. 2, appeared to be like the gun he was struck with. Sibley and his sister, Mrs. Welch, were ordered to lie down with their faces to the floor and remain there under threat of death. The robbers, having taken around $100, in tens, fives and ones, and some checks and two wrist watches, fled on foot when a car pulled into the service station's driveway. Sibley testified he had made several business transactions out of the cash register on the day in question and the $100 figure was merely an approximation.

Neither Sibley nor Mrs. Welch got a good look at either robber, but Mrs. Welch testified that one of the robbers had on "something brown" and the other had on "something blue" and that one of the men wore a hat. Neither she nor complaining witness Sibley could identify appellant as being one of the robbers; in fact, neither of the robbers was identified by any witness.

Mrs. Melinda Wallen testified that she lived next door to the Sibley bus and service station. At about 3:30 p. m. on October 22, she saw a blue car with license plate NPD 305 parked in a parking lot next door to the station. The car had four black men in it. After the car had been there about 30 min-

utes, the two men in the rear seat left, and walked toward a liquor store next to the bus station. Several minutes later she saw these same two men, one wearing a hat, run from the bus station and get in the car and leave with the other two men who had remained in the car. Later, she gave police who had arrived at the scene of the robbery a description and license number of the car. She did not testify as to what make of car it was. Mrs. Wallen identified a photograph of the car in which appellant was subsequently arrested as being the car she saw on this occasion.

Officer Wilson Dew, a highway patrolman with the Texas Department of Public Safety, heard a radio broadcast of the robbery, with a description and license number of the car in which the robbers had allegedly left the scene. Somewhere on the highway between Celeste and Wolfe City, according to his testimony, he met the vehicle which had been described to him, bearing license NPD 305. After notifying headquarters and asking for a "backup" car, he followed and stopped the car, which he said had been described to him as a "blue Mercury, two-door Montego," with license NPD 305. He and other officers ordered the four black men in the car to get out, and arrested and handcuffed them. Appellant, who was wearing a hat, was the driver of the car in question. A search of the car revealed a pistol in the rear seat "pressed down between the seat back and the seat bench with the butt sticking out like this as if someone had tried to cram it down out of sight and had been sitting on it." This pistol was introduced in evidence as State's Exhibit No. 2.

Deputy Sheriff W. T. Wallen was one of the officers who assisted in the arrest of appellant and his companions and the search of the car. He found a pistol on the left hand side in the back seat behind the driver, introduced in evidence as State's Exhibit No. 5. He also found a billfold on the front seat "that belonged to the defendant" which had a police badge in it, "and there was another billfold found in the car that had a special police badge in it."

I. D. Smith, investigator for the Hunt County sheriff's office, was another officer who assisted in the arrest of appellant and his companions. In a search of appellant at the scene, he found twenty one-dollar bills in his shirt pocket, and three twenty-dollar bills, two ten-dollar bills, and twelve five-dollar bills in his left rear pants' pocket.

Mrs. Lester Welch testified that on October 22, 1974, she was the agent for Continental Trailways, whose office was in the Sibley service station. As she was talking on the telephone about 4:00 p. m. on that date, a black man stuck a gun in her ribs and said, "Don't look up or I will kill you. Open the cash drawer and you had better keep your head down too." She was then made to lie face down by her brother, L. C. Sibley, who had already been hit with a pistol. Next she was forced to open Sibley's cash drawer and the money and checks therein were taken by the man with the pistol. Her watch was also taken. She testified that the pistol introduced as State's Exhibit No. 2 was similar to the shiny gun used by the robber, although she said, "Similar, but you know, I was so scared I really didn't pay much attention to it." She could not identify appellant as the robber, nor did she identify either of the men who entered the building.

After the men left, she ran outside but did not see either of the men. She saw Mrs. Wallen and talked to her. Police were summoned.

A watch, identified by L. C. Sibley as having been taken by the robbers, was introduced in evidence. However, there is no evidence that this watch was found in the possession of appellant or of any of his companions, or that it was recovered in a search of the car. So far as the record discloses, it was introduced during the testimony of L. C. Sibley, and never mentioned again in the evidence. Mrs. Welch's watch was not found, nor were any of the checks taken during the robbery.

Appellant did not testify, and he placed no witnesses on the stand.

The court, in submitting the case to the jury, charged on the law of circumstan-

tial evidence. On appeal, the State argues that the circumstantial evidence is sufficient to support the verdict. We do not agree, and reverse the judgment.

In determining whether circumstantial evidence is sufficient to support a conviction, each case must necessarily be tested by its own facts. *Moore v. State*, Tex.Cr.App., 532 S.W.2d 333; *Ysasaga v. State*, Tex.Cr.App., 444 S.W.2d 305. Ordinarily, the test on appeal is whether there was evidence from which the jurors (advised of the restrictions the law places on them in condemning one on circumstantial evidence) might conclude beyond a reasonable doubt that every reasonable hypothesis other than guilt was excluded. *Moore v. State*, supra.

As stated in *Higgins v. State*, Tex.Cr.App., 515 S.W.2d 268, 271:

"A conviction based on circumstantial evidence cannot be sustained unless the circumstances exclude every other reasonable hypothesis except that the accused is guilty. Proof which amounts only to a strong suspicion or mere probability is insufficient. *Culmore v. State*, 447 S.W.2d 915 (Tex.Cr.App.1969). From the facts in the record, the State has merely shown a slight possibility or weak suspicion that appellant had knowledge and control of the dangerous drug. Even when construed in the light most favorable to the State, the evidence, we conclude, is insufficient to sustain the conviction."

See also *Walker v. State*, Tex.Cr.App., 513 S.W.2d 39; *Randolph v. State*, Tex.Cr.App., 505 S.W.2d 845; *Prejean v. State*, Tex.Cr.App., 480 S.W.2d 652.

In the instant case, there was no identification by complainant Sibley or his sister, Mrs. Welch, of the men who committed the robbery. Mrs. Wallen did not recognize or identify either of the two men who left the parked car and came back to it, or of either of the two men who remained in the car. She identified the car only by the license plate and color, and did not testify as to the make of the car. Her testimony that four black men left in the car with license number NPD 305 corresponded with the fact that four black men were later arrested in a blue car bearing that license. However, no identifiable stolen property was found in the car or in possession of any of its occupants. Three of the bills, the twenty-dollar bills, were not of the denomination mentioned by Sibley as having been taken in the robbery. There was evidence by officer Dew that appellant said he was a clothes salesman and that samples of the clothes he sold were in the car. Although two pistols were found in the back seat of the car, the nearest to showing one of them may have been used in the robbery was testimony by Sibley and Mrs. Welch that the one found on the right side of the back seat and introduced as State's Exhibit No. 2 looked like the gun used by the robber. Appellant was seated in the driver's seat when stopped and arrested.

Furthermore, although a watch belonging to complainant Sibley and stolen by the robber was in the State's possession, the State made no effort to connect it with appellant or any of the occupants of the car when it was stopped by the officers. Neither Mrs. Welch's watch nor any of the checks taken by the robbers were found in possession of the car's occupants.

We find the circumstantial evidence insufficient to exclude every reasonable hypothesis except guilt of the appellant.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.