David C. LONGORIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–81–066–CR.

Court of Appeals of Texas,
Texarkana.

June 22, 1982.

Discretionary Review Granted
Oct. 13, 1982.

Ken McLean, Houston, for appellant.

Charles D. Houston, Dist. Atty., Bellville, for appellee.

CORNELIUS, Chief Justice.

Appellant was convicted in a non-jury trial of the offense of murder and assessed punishment at life imprisonment. In this appeal he contends the evidence is insufficient to support the conviction and alternatively, that reversal is required because the trial court considered his failure to testify as evidence of guilt, and improperly required him to submit to blood, saliva and hair tests pursuant to a search warrant. We overrule the assigned grounds of error and affirm the judgment.

The conviction rests solely upon circumstantial evidence. In such a case the circumstances must exclude to a moral certainty every other reasonable hypothesis except the defendant's guilt. Tex.Code Crim.Pro.Ann. art. 38.14 (Vernon 1979); *Dixon v. State*, 541 S.W.2d 437 (Tex.Cr.App. 1976); *Higgins v. State*, 515 S.W.2d 268 (Tex.Cr.App.1974). Appellant urges that the evidence here does not meet that standard.

The victim was an 81-year-old female. She was found in her home in Sealy, Texas, on July 13, 1979, naked and severely beaten and choked. Time of death was estimated to be sometime during July 12, 1979. In the house against a wall the officers found a tan shirt with the embroidered words "David" and "Hot Mix" on it and containing a half full package of Marlboro regular cigarettes. Appellant's first name was David. He was employed by the City of

Sealy and had previously worked for Hot Mix Corporation of Houston where he had been furnished several uniforms with shirts similar to the one found at the murder scene. He did not return the uniforms when he quit working for Hot Mix. One witness saw appellant on July 12th in Sealy wearing the shirt later found at the scene. Appellant regularly smoked Marlboro regulars and when arrested asked the officers, "Who turned me in?" Scientific evidence was presented that appellant was a "secretor" and had type O blood. Tests conducted on the shirt indicated that it had been worn by a secretor who had type O blood. Hairs were taken from the victim's hand and pubic area, and from a window curtain in the murder room, and scientific evidence and tests indicated they were identical in all observable characteristics to hairs taken from the appellant.

■ We find the evidence summarized to be sufficient to support the trial judge's reasonable conclusion that it excluded to a moral certainty every hypothesis except the appellant's guilt. *Flores v. State*, 551 S.W.2d 364 (Tex.Cr.App.1977).

■ Appellant next argues that the trial judge improperly considered his failure to testify as a circumstance of his guilt. The basis of the contention is that the trial judge stated when announcing his verdict that he had considered the witnesses' testimony and the appellant's demeanor during the trial. We do not consider the statement as an affirmation that he considered appellant's failure to testify as evidence of his guilt, but rather as a general statement of his impressions of the trial. The trial judge, being trained in the law and familiar with trial procedure, will be presumed to have considered only proper evidence and inferences, and to have disregarded any improper matters. *Hutchins v. State*, 426 S.W.2d 235 (Tex.Cr.App.1968).

■ Finally, appellant urges that the court erred in ordering him to give blood, saliva and hair samples for testing and evidentiary comparison. He asserts that although the State obtained a warrant to take the samples, Texas law does not permit even a search by warrant for those body substances, relying upon *Smith v. State*, 557 S.W.2d 299 (Tex.Cr.App.1977), and *Escamilla v. State*, 556 S.W.2d 796 (Tex.Cr.App.1977). We think the warrant and the order were properly issued. When *Smith* and *Escamilla* were decided Tex.Code Crim.Pro.Ann. art. 18.02 (Vernon 1977) did not authorize searches for such substances. But by the 1977 amendment to the Article, Subdivision 10 was added which provides that a warrant may be issued to search for and seize "property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense." We construe Subdivision 10 as now permitting the issuance of a warrant to obtain samples of blood, saliva and hair. See *Ferguson v. State*, 573 S.W.2d 516 (Tex.Cr.App.1978). As long as the bodily intrusions involved are based on clear indications that evidence of crime may be detected, and their extent and manner of performance are reasonable, they will not violate statutory or constitutional prohibitions. 2 LaFave, Search and Seizure § 4.1(d), pp. 10–11 (1978).

The judgment is affirmed.