Lonnie Joe MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 61301.

Court of Criminal Appeals of Texas, En Banc.

Oct. 27, 1982.

Floyd D. Holder, Jr., Lubbock, for appellant.

John T. Montford, Dist. Atty., and Jim B. Darnell, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at twenty-five years' confinement. Appellant raises four grounds of error, including a challenge to the sufficiency of the evidence. We reverse and order a judgment of acquittal be entered in this cause.

Howard Reuse, a night clerk at the Astro Motel in Lubbock, testified that at about 5:45 a.m. on June 25, 1978, a light-skinned black man entered the motel office and robbed him at gunpoint of $100.32. Reuse described the robber as wearing a mask covering his face and extending below his chin, a pair of khaki trousers, and a red tee shirt with straps. The robber took one roll each of wrapped pennies, nickels, dimes and quarters. In addition, he took one twenty dollar bill, two ten dollar bills, four or five five dollar bills and approximately twenty-three one dollar bills. Reuse testified that the one dollar bills were paper clipped together in groups of ten. The robber also took Reuse's watch. Reuse further testified that before the robber left he yanked two telephones out of the wall. On cross-examination, Reuse testified that he did not think appellant was the individual who robbed him because appellant's complexion was much darker than the robber's.

Officer Dale Holton of the Lubbock police department testified he was on patrol the morning of the robbery when at approximately 5:49 a.m. he received a radio report of the robbery and a description of the suspect. He began checking the area for suspects when he observed two black males in a dark colored car speeding down Fifth Street. Officer Holton stopped the car and asked the driver to get out and identify himself. The driver identified himself as Charles Ray Gormany. He was a black male, six feet tall, wearing a long sleeve brown multi-colored shirt, straw hat and tan pants. Officer Holton also asked the passenger to get out. He identified himself as the appellant, and although the record does not specifically tell us what he was wearing, it is clear his clothing did not match the description of the clothing worn by the robber. Officer Holton testified that when he initially stopped the vehicle he did not observe anything laying on the ground underneath the vehicle. After identifying appellant and Gormany, Holton had them get back in their car while he checked for outstanding warrants. While using the radio in his police car, Holton noticed a red roll of coins underneath the right hand door of the suspect's car. Holton verified over his radio that rolled coins had been taken in the robbery. At the same time, Holton testified he observed appellant getting out of the right hand side of the car and bending over doubled as if coughing very hard. When two other officers arrived at the scene, Holton and the two officers approached the right hand side of the car. There they observed an orange quarter wrapper, the red roll of pennies, a green roll of dimes and a blue nickel wrapper still containing one nickel, all laying in the gutter beside the car. Thereafter, the officers arrested appellant and Gormany. A pat-

down search of Gormany revealed one twenty dollar bill, four five dollar bills, nine one dollar bills, eight quarters, two dimes, five nickels, and three pennies—totaling $51.38. A search of appellant revealed one ten dollar bill, one five dollar bill, nineteen one dollar bills (two of which had paper clips on them), forty-two quarters, thirty-seven nickels and one penny—totaling $46.36.

Officer Jimmy Reimer of the Identification Section of the Lubbock police department testified he compared the prints lifted off the telephone at the Astro Motel with the prints of both appellant and Gormany and found no match.

The appellant, testifying on his own behalf, testified he had been playing pool from eight p.m. on June 24, 1978, until 5:30 a.m. on June 25, 1978. He testified he left the Zodiac Club with Gormany after Gormany asked him if he wanted to score some Colombian marihuana. They had gone to the location where Gormany thought he could buy the marihuana, but no one was there, so they were driving back to the Zodiac Club when they were stopped by the police.

■ The case was submitted to the jury with an instruction on circumstantial evidence and an instruction on parties. A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant. *Autry v. State,* 626 S.W.2d 758 (Tex.Cr.App. 1982); *Schershel v. State,* 575 S.W.2d 548 (Tex.Cr.App.1979); *Bryant v. State,* 574 S.W.2d 109 (Tex.Cr.App.1978). Therefore, proof which amounts only to a strong suspicion or mere probability is insufficient. *Autry v. State,* supra; *Ford v. State,* 571 S.W.2d 924 (Tex.Cr.App.1978). The rules of circumstantial evidence do not require that circumstances should to a moral certainty actually exclude every hypothesis that the act may have been committed by another person, but that the hypothesis is a reasonable one consistent with the facts proved and the circumstances, and the supposition that the act may have been committed by anoth-er person must not be out of harmony with the evidence. *Autry v. State,* supra; *Swink v. State,* 617 S.W.2d 203 (Tex.Cr.App.1981); *Sullivan v. State,* 564 S.W.2d 698 (Tex.Cr. App.1978) (on rehearing).

The State asserts that appellant's unexplained possession of property recently stolen is a sufficient circumstance to authorize a conviction. However, there is no positive evidence that the coins and currency found on appellant are the same coins and currency taken in the robbery. *Key v. State,* 492 S.W.2d 514 (Tex.Cr.App.1973); *Nichols v. State,* 479 S.W.2d 277 (Tex.Cr.App.1972); *Reyes v. State,* 468 S.W.2d 64 (Tex.Cr.App. 1971).

■ From the facts in the record, the evidence is not sufficient to sustain appellant's conviction. *Dixon v. State,* 541 S.W.2d 437 (Tex.Cr.App.1976). There has been no identification of appellant as the robber. In fact, Reuse testified appellant was not the robber. There is no evidence to connect appellant as a party to the offense. There is no evidence that the money found on appellant and Gormany was the same money taken in the robbery, although there is a strong similarity to the amount and denominations taken. Reuse's watch was not found in possession of appellant or Gormany. Finally, the fingerprints found on the telephone yanked from the wall by the robber did not match either those of appellant or Gormany.

We find the circumstantial evidence insufficient to exclude every reasonable hypothesis except the guilt of the appellant.

For these reasons, the judgment is reversed and the cause is reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).