Charles Ray GORMANY, Appellant,

v.

The STATE of Texas, Appellee.

No. 61766.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 27, 1982.

Tommy J. Turner, Lubbock, for appellant.

John T. Montford, Dist. Atty., Travis S. Ware, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at forty years' confinement.

Appellant presents two grounds of error. Initially, he contends the court erred in overruling his motion to suppress in that the initial detention of appellant was without probable cause and the subsequent search was tainted by the initial unlawful detention. In his second ground of error he challenges the sufficiency of the evidence.

Appellant and Lonnie Joe Moore were charged as co-defendants in this robbery. The defendants were tried separately. For a full discussion of the events surrounding the crime, see *Moore v. State*, 640 S.W.2d 300 (delivered this date).

During appellant's trial, the complaining witness testified that he initially described the robber as a light-colored black or Latin American male, wearing a ski mask, a red tee shirt with straps, and khaki pants. When appellant was stopped and arrested, some ten or fifteen minutes after the robbery he was wearing tan or khaki pants and a long-sleeved brown multi-colored shirt. The complaining witness never actually identified appellant as the robber but did testify that appellant's skin color resembled the robber's skin color. The witness testified he noticed no tatoos or scars on the robber although the defensive testimony showed that appellant had a three-inch by three-inch heart-shaped tatoo on his right forearm and a large scar on his left arm.

In addition, a .22 caliber pistol found in appellant's car was introduced into evidence. However, at no time during the trial was this gun shown to the complaining witness and there is no testimony connecting this gun to the robbery in any way. Other than the above, the State's evidence introduced in appellant's trial was identical to that introduced in *Moore v. State*, supra.

As noted in *Moore v. State*, supra, the fact that there is a strong similarity to the amount of money and denominations of the money taken in the robbery and the money found on appellant and his co-defendant, there is no evidence that the money found was the same money taken in the robbery. The added introduction into evidence of the gun found in appellant's car makes the evidence in this case no stronger than the evidence adduced in *Moore v. State*, supra. In fact, the complaining witness's testimony in the instant case that he initially describ-

ed the robber as *either* a light complexioned black male or a Latin American male further weakens the State's case.

For the reasons stated in *Moore v. State,* supra, we find that appellant's conviction cannot be sustained. The evidence adduced amounts to no more than a strong suspicion of guilt.

For these reasons, the judgment is reversed and the cause is reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).