Richard Wiley HINSLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00270–CR.

Court of Appeals of Texas,
Dallas.

Dec. 3, 1986.

Noel Portnoy, Dallas, for appellant.

Wm. Randell Johnson, Dallas, for appellee.

Before AKIN, STEPHENS and DEVANY, JJ.

STEPHENS, Justice.

Richard Wiley Hinsley was convicted of aggravated sexual assault of a child. Punishment, enhanced by a prior conviction, was assessed by the jury at confinement for life. Appellant brings three points of error asserting: (1) that the trial court erred in denying his motion for dismissal under the Speedy Trial Act; (2) that the trial court erred in denying his motion to suppress the results of blood and saliva tests; and (3) that the trial court erred in overruling his motion for a mistrial based on prejudicial jury argument by the prosecution. We disagree; consequently, we affirm.

Hinsley first contends that it was error for the court to deny his motion to set aside the indictment for violation of the Speedy Trial Act.

■ The Speedy Trial Act dictates that when a defendant is accused of a felony the court shall set aside the indictment if the State is not ready for trial within 120 days of the commencement of a criminal action. TEX.CODE CRIM.PROC.ANN. art. 32A.02, § 1 (Vernon Supp.1986). Hinsley was arrested for the present offense on September 18, 1984. The criminal action commenced at the time of the arrest. *See Hull v. State*, 699 S.W.2d 220, 221 (Tex. Crim.App.1985).

The record reflects that appellant was indicted, reindicted, and finally indicted for a third time. All three indictments charge Hinsley with aggravated sexual assault of M____ A____ S____. All three indictments also charge that Hinsley "used and exhibited a deadly weapon, to wit: a knife." The second indictment added an enhancement paragraph, which was carried forward in the third indictment, and the third indictment added the allegation that complainant was "a child." Hinsley was

tried and convicted under the third indictment.

■ The State filed a written announcement of ready on the original indictment on October 29, 1984. Since the criminal action commenced with appellant's arrest on September 18, 1984, the State's announcement of ready on October 29, 1984, was well within the 120 day period provided for in the Speedy Trial Act. We find that each of appellant's reindictments charged him with the same offense subject to the same proof and that, therefore, the State's October 29, 1984 filing of its announcement of ready was compliance with the Speedy Trial Act which carried forward to the third indictment. *See Whaley v. State*, 717 S.W.2d 26, 29 (Tex.Crim.App. 1986). The State's announcement of ready constituted a prima facie showing of compliance with the Act. The State's declaration of ready was not rebutted by appellant; therefore, the requirements of the Speedy Trial Act were fulfilled. *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Crim. App.1979). Hinsley's first point of error is overruled.

In his second point of error Hinsley contends that the trial court erred in denying his motion to suppress the results of tests performed on blood and saliva samples obtained from Hinsley pursuant to a search warrant. Hinsley argues that the affidavit in support of the search warrant was insufficient because it failed to establish that information as to his blood group and secretor types would constitute probative evidence of his guilt.

■ The Texas Code of Criminal Procedure, article 18.02 provides:

A search warrant may be issued to search for and seize:

. . . .

(10) property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense;

TEX.CODE CRIM.PROC.ANN. art. 18.02 (Vernon Supp.1986). Blood and saliva are

"items" for which a search warrant may issue. *Gentry v. State,* 640 S.W.2d 899, 902–03 (Tex.Crim.App.1982); *Longoria v. State,* 636 S.W.2d 521, 522 (Tex.App.—Texarkana 1982, pet. ref'd). An affidavit supporting an article 18.02(10) search warrant must meet certain requirements. These requirements are set forth in article 18.-01(c) which provides in pertinent part:

> (c) A search warrant may not be issued pursuant to Subdivision (10) of Article 18.02 of this code unless the sworn affidavit required by Subsection (b) of this article sets forth sufficient facts to establish probable cause: (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

TEX.CODE CRIM.PROC.ANN. art. 18.-01(c) (Vernon Supp.1986). We have reviewed the "affidavit in support of the State's request for a search warrant" and hold that the affidavit meets the three requirements listed in article 18.01(c). *See Mulder v. State,* 707 S.W.2d 908 (Tex.Crim.App.1986). Specifically, in response to appellant's second point of error, we hold the following statements contained in the affidavit satisfy the third prong of article 18.-01(c)'s requirements for an affidavit in support of an article 18.02(10) search warrant: that complainant positively identified appellant whom she had known for over a year, as her rapist; that complainant had submitted to various laboratory tests, the results of which indicated seminal fluid was present in her vagina at the time of the test; and that the affiant believed the blood group type and secretor type of appellant would constitute probative evidence that the appellant committed the offense. Hinsley's second point of error is overruled.

Hinsley's third point of error is multifarious in that Hinsley raises two subpoints, III–A and III–B, under his point of error. In each subpoint appellant contends that the trial court erred in overruling his motion for mistrial based *on prejudicial* jury argument by the prosecution.

In subpoint III–A Hinsley asserts that during argument at the punishment stage of the trial the prosecutor improperly referred to him as a "thug." Appellant's objection to the term "thug" was sustained, the jury was instructed to disregard, and appellant's motion for mistrial was overruled.

In subpoint III–B Hinsley asserts that during argument at the punishment stage of the trial the prosecutor improperly argued that complainant, M____ A____ S____, had been "sentenced to life in prison." Appellant's objection to the phrase was sustained, the jury was instructed to disregard, and appellant's motion for a mistrial was overruled.

Any injury from improper jury argument is obviated when the court instructs the jury to disregard the argument, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonishment. *See Brown v. State,* 692 S.W.2d 497, 502 (Tex.Crim.App.1985). We have examined the record in this light and hold that the arguments complained of by appellant were not so prejudicial. The trial court's instruction to disregard was sufficient to remove any harmful effect. Hinsley's point of error III–A and III–B are overruled.

The judgment of the trial court is affirmed.