# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00753-CR

**Guadalupe Coy, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 3012769, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Guadalupe Coy guilty of aggravated robbery, for which the court assessed punishment at eighteen years in prison. *See* Tex. Pen. Code Ann. § 29.03 (West 2003). In two points of error, Coy urges that the evidence is legally and factually insufficient to sustain the jury's verdict. We will overrule these contentions and affirm the conviction.

Shortly after 6:00 a.m. on July 17, 2001, a man entered an Austin convenience store as the clerk, Muhammad Mehboob, was readying the store for the day's business. Mehboob was immediately suspicious of the man because he was on foot. He also appeared to be very tired or intoxicated. The man brought candy bars and a bottled drink to the counter, then pulled a knife from a sheath at his side. He held the knife close to Mehboob's side and demanded that he open the cash register. The robber took approximately $200 in cash from the register, all in one, five, ten, and twenty dollar bills. He then ran from the store. Mehboob waited about ten minutes before calling

the police. He described the robber as a slender black man, about twenty-two years old and six feet tall. He also said that the robber had short hair and a light beard, and was wearing blue jeans, a black shirt, and running shoes.

A few minutes after the robbery, and about one-and-a-half blocks from the convenience store, a pickup truck crashed into William Montoya's van, which was parked on the street in front of his house. Montoya went outside to assist the driver of the truck, who was identified as appellant Coy. Coy was sitting in the truck and struggling with the air bag, which had deployed. Montoya asked Coy if he was all right, but could not understand his reply. Coy's speech was slurred, his eyes were bloodshot, and his demeanor was confused. Montoya got the impression that Coy was intoxicated. Montoya noticed paper currency scattered throughout the cab of the pickup. He also noticed a black and silver object on the floor. Fearing that the object was a gun, Montoya backed away and instructed his wife to call the police. Meanwhile, Coy got out of the truck and began to stumble along the side of the vehicle. Coy put on a pair of glasses, then he reached into the pickup, withdrew the black and silver object, and threw it to the side of the street.

The first officer to respond to the Montoyas' call found Coy standing beside his pickup truck talking on a cell phone. Coy, who seemed to be in a daze, ignored the officer's command to lie on the ground. The officer forced Coy to the ground and handcuffed him. Coy was wearing a blue shirt, shorts, and socks. He had $153 in small bills stuffed in the pockets of his shorts. Coy told the officer that he had received the money for a job. When asked where he worked, however, Coy said he was unemployed. He added that he sometimes worked for his father.

2

The officer retrieved the object Coy had thrown from his truck. It proved to be a knife with knuckles on the handle, in a sheath. Mehboob identified this knife as the weapon wielded by his assailant during the robbery. A running shoe was found in the bed of Coy's pickup, and its companion was found lying in the street between the accident scene and the convenience store. Mehboob said that these shoes were like those worn by the robber. Cash in the form of small bills was also found scattered in the street and inside Coy's truck.

Coy was advised of his rights and told that he was a suspect in the convenience store robbery. Coy asked if the clerk could identify him. When the officer told him that the police had the store's security videotape, Coy replied that "he didn't care how much videotape we had" and that "the clerk needed to identify him, no matter what."

Coy was taken to the convenience store to be viewed by Mehboob. Mehboob told the police that Coy did not appear to be the robber. He was the same height and weight as the robber, but he was not wearing the same clothes. Coy was wearing glasses while the robber did not, and Coy looked more Hispanic than black. The convenience store's security camera was not working on the morning of the robbery, and none of the latent fingerprints found at the store matched Coy's. Police never found a black shirt or jeans matching Mehboob's description.

Coy's sister testified that she and her father had each given Coy $150 in cash on the night before the robbery. She acknowledged that Coy has dark skin and that "often people would think he was black."

In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any

3

rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). This standard of review applies in both direct and circumstantial evidence cases. *Barnes v. State*, 62 S.W.3d 288, 297 (Tex. App.—Austin 2001, pet. ref'd).

Coy relies on the opinions in two companion cases, *Moore v. State*, 640 S.W.2d 300 (Tex. Crim. App. 1982), and *Gormany v. State*, 640 S.W.2d 303 (Tex. Crim. App. 1982). Moore and Gormany were stopped by the police minutes after a reported armed robbery at a nearby motel. *Moore*, 640 S.W.2d at 301. Bills and wrapped coins of the sort taken in the robbery were found in their car. *Id*. Neither man, however, was dressed in the manner described by the robbery victim, and neither was identified by him. *Id*.; *Gormany*, 640 S.W.2d at 303. A pistol found in the car was never linked to the robbery. *Gormany*, 640 S.W.2d at 303. The court of criminal appeals concluded that the evidence was insufficient to sustain the convictions because it did not exclude all other reasonable hypotheses except guilt. *Moore*, 640 S.W.2d at 302; *Gormany*, 640 S.W.2d at 304.

The reasonable alternative hypothesis test is no longer used to determine the legal sufficiency of the evidence to support a conviction. *See Geesa v. State*, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). When the circumstantial evidence in the cause before us is viewed in the light most favorable to the jury's verdict, it is sufficient to prove each element of the alleged aggravated robbery beyond a reasonable doubt. Point of error one is overruled.[1]

---

[1] The district court's charge authorized Coy's conviction as both the primary actor and as a party to the robbery. *See* Tex. Pen. Code Ann. § 7.02 (West 2003). Although the jury returned a general verdict of guilty, its answer to the deadly weapon special issue indicates that it found Coy to be the primary actor. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2003). We have not relied on the law of parties in determining the sufficiency of the evidence.

4

In a factual sufficiency review, the evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is either so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Due deference must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, and the reviewing court may disagree with the fact finder only when the record clearly indicates that such a step is necessary to prevent a manifest injustice. *Id*. at 9. A verdict is not manifestly unjust simply because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd).

Mehboob's failure to identify Coy as the robber obviously weighs against the jury's verdict, as do the discrepancies between Mehboob's description of the robber and Coy's appearance when arrested. On the other hand, the police found currency like that taken in the robbery scattered in the street between the store and the accident scene, and Coy had a large amount of cash stuffed into the pockets of his shorts. Although Coy's sister provided an innocent explanation for his possession of this cash, there was no innocent explanation for his possession of the knife used in the robbery. We conclude that the evidence of guilt is neither so obviously weak nor so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. Point of error two is overruled.

5

The judgment of conviction is affirmed.

 

 

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   August 29, 2003

Do Not Publish