Opinion filed October 18, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed October 18,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00394-CR

                                                     __________

 

                               JOHNNY
EDWARD BURNS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                              On Appeal
from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                                      Trial
Court Cause No. 12715

 



 

                                                                   O
P I N I O N      

Johnny
Edward Burns appeals his conviction by a jury of the offense of manufacture of
a controlled substance, methamphetamine, in an amount over 400 grams.  The
trial court assessed his punishment at fifty years in the Texas Department of
Criminal Justice, Institutional Division, and a $10,000 fine.  In a single
issue on appeal, Burns asserts that the evidence is legally insufficient to
support his conviction.  We affirm.

In
order to determine if the evidence is legally sufficient, the appellate court
reviews all of the evidence in the light most favorable to the verdict and
determines whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 (1979).  








Randy
Wright, a Mineral Wells police detective, testified that on August 1, 2004,
while on patrol early in the morning, he received an anonymous tip about a
possible meth lab.  He said officers went out to conduct a Aknock and talk,@ meaning that they would
knock on the door to gather information.  He indicated that he went to the rear
of the house to cover the back door.  He identified Burns as a subject he
pursued and captured after he heard running and the back door flew open.  He
stated that Burns continued to run after he had announced that he was a police
officer.  He identified tubing he recovered from Burns=s rear pocket when he searched Burns following
his arrest.  He acknowledged that it was on the ground after he wrestled Burns
down.  He also identified two camera-type lithium batteries that he believed
were also in Burns=s
rear pocket.

Detective
Wright testified that, as he approached the residence, he noticed a strong odor
of anhydrous ammonia.  He identified anhydrous ammonia as a chemical used to
manufacture methamphetamine.  He indicated that officers received consent to
search the residence.  He said that, based on his experience, the chemicals,
powdery substances, and cooler that were discovered in the residence were used
to manufacture methamphetamine.

On
cross-examination, Detective Wright acknowledged that it was dark when he first
encountered Burns and that he could not tell what Burns was doing other than
that he had heard the door.  He confirmed the fact that he recovered the tubing
from Burns=s rear
pocket.  He acknowledged that he did not know whether the tubing and lithium
batteries he found on Burns=s
person were used or intended to be used in the manufacture of methamphetamine. 
He did indicate that lithium batteries, after being broken open, were used in
making methamphetamine and that in his experience it is unusual for someone to
have a battery in his or her pocket.  Detective Wright acknowledged that Burns
had no precursors for the manufacture of methamphetamine on his person.  He
indicated, however, that many of those items were found in the residence from
which Burns had fled.  He acknowledged that it would have been possible for
Burns to have been standing at the door or just beginning to enter rather than
having fled the residence but said that if someone were showing up they would
not slam the back door.








John
Waight, a narcotics investigator with the Texas Department of Public Safety,
testified that he arrived at the scene of the residence on the occasion in
question and detected the strong odor of ammonia in the air in the area of the
residence.  He said that inside the residence he found what he expected to see
in the operation of a meth lab.  Burns stipulated that the State had sufficient
evidence to demonstrate that there was a methamphetamine cook or that the
manufacture of methamphetamine was going on in that residence.  Investigator
Waight identified all the items found in the residence and indicated how they
related to the manufacture of methamphetamine.

Investigator
Waight testified that a lithium battery such as those found on Burns was the
kind of battery that could be used in the manufacturing process of
methamphetamine if the lithium were removed.  He acknowledged that no
fingerprints or other items relating to Burns were found inside the residence.

William
L. Todsen, a forensic scientist with the Texas Department of Public Safety
Field Crime Laboratory in Abilene, testified that he was able to determine that
certain substances found in the residence contained methamphetamine and weighed
over 400 grams.  We hold that the evidence is legally sufficient because a
rational jury could have concluded beyond a reasonable doubt that
methamphetamine over 400 grams was being manufactured in the residence and that
Burns was participating in that process.  

Relying
on Moore v. State, 640 S.W.2d 300, 302 (Tex. Crim. App. 1982), Burns
suggests that the evidence is insufficient because it is based on
circumstantial evidence that does not exclude every other reasonable hypothesis
except that of the guilt of the defendant.  The analytical construct relied
upon by Burns was abandoned in Geesa v. State, 820 S.W.2d 154, 159 (Tex.
Crim. App. 1991), overruled in part on other grounds by Paulson v. State,
28 S.W.3d 570 (Tex. Crim. App. 2000).  Consequently, to be legally sufficient,
the evidence need not exclude all reasonable alternative hypotheses.  Torres
v. State, 141 S.W.3d 645, 659 (Tex. App.CEl
Paso 2004, pet. ref=d). 
We overrule Burns=s
sole issue on appeal.

The
judgment is affirmed. 

 

PER CURIAM

October 18, 2007

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

Strange, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.