ACCEPTED
04-14-00256-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/4/2015 4:11:45 PM
KEITH HOTTLE
CLERK

NO. 04-14-00256-CR

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
3/4/2015 4:11:45 PM
KEITH E. HOTTLE
Clerk

JEFFREY LEE,

Appellant

V.

THE STATE OF TEXAS

Appellee

ON APPEAL FROM THE 187th DISTRICT COURT
OF BEXAR COUNTY TEXAS
CAUSE NUMBER 2012-CR-6806

BRIEF FOR THE APPELLANT

EDWARD F. SHAUGHNESSY
206 E. Locust Street
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (FAX)
Shaughnessy727@gmail.com
SBN 18134500

ORAL ARGUMENT WAIVED          ATTORNEY FOR APPELLANT

# PARTIES AND COUNSEL

TRIAL COUNSEL FOR THE STATE:

DAVID LUNAN & DARYL HARRIS
Assistant Criminal District Attorneys
101 W. Nueva
San Antonio, Texas 78205

TRIAL COUNSEL FOR APPELLANT:

THERESA CONNOLLY
106 S. St. Mary's
San Antonio, Texas 78205

APPELLANT'S ATTORNEY ON APPEAL:

EDWARD F. SHAUGHNESSY, III
206 E. Locust Street
San Antonio, Texas
(210) 212-6700
(210) 212-2178 Fax
SBN 18134500

TRIAL JUDGE:

RAYMOND ANGELINI
187th Judicial District
Atascosa County, Texas

# TABLE OF CONTENTS

PAGE(S)

Parties and Counsel..................................................................................ii

Table of Contents....................................................................................iii

Table of Authorities................................................................................iv

Brief for the Appellant...........................................................................5

Summary of the Argument.....................................................................7

Appellant's Sole Point of Error.............................................................8

Conclusion and Prayer..........................................................................16

Certificate of Service.............................................................................17

Certificate of Compliance.....................................................................18

# TABLE OF AUTHORITIES

PAGE(S)

STATE CASE(S)

*Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010)*..................................................13

*Dixon v. State 541 S.W.2d 437 (Tex. Crim. App. 1976)*..................................................15

*Gear v. State, 340 S.W.3d 743 (Tex. Crim. App. 2011)*..................................................13

*Gormany v. State, 640 S.W.2d 303 (Tex. Crim. App. 1982)*............................................15

*Jackson v. Virginia 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979)*......................13

*Moore v State, 640 S.W.2d 303 (Tex. Crim. App. 1982)*.................................................15

*Padilla v. State, 326 S.W.3d 195 (Tex. Crim. App. 2010)*...............................................13

*Spencer v. State, 628 S.W.2d 220 (Tex. App.-Corpus Christi, 1982, pet. ref'd.)*............15

*Whatley v. State, 445 S.W.3d 159, (Tex. Crim. App. 2014)*............................................13

*Winfrey v. State, 393 S.W.3d 763 (Tex. Crim. App. 2013)*.............................................13


STATUTE(S) AND CODE(S)

Tex. Penal Code Ann. § 29.03 (West 2014)..............................................................8

NO. 04-14-00256-CR

| | | |
|---|---|---|
| JEFFREY LEE, | § | COURT OF APPEALS, FOURTH |
| Appellant | § | |
| V. | § | COURT OF APPEALS DISTRICT |
| THE STATE OF TEXAS, | § | |
| Appellee | § | SAN ANTONIO, TEXAS |

BRIEF FOR THE APPELLANT

TO THE HONORABLE COURT OF APPEALS:

Now comes the appellant, Jeffrey Lee, and files this brief in Cause No. 04-14-00256-CR. The appellant appeals from a judgment of conviction, entered against him on April 4, 2014. (C.R.-50,51) The appellant was indicted by a Bexar County Grand Jury on August 27, 2012 for the offenses of Aggravated Robbery (Repeater) in cause number 2012-CR-6806. (C.R.-5) The appellant exercised his right to a jury trial. The appellant was found guilty, by the jury, of the offense as charged in the indictment. (C.R.-48) The appellant's punishment was assessed by the jury, at twenty-five years in confinement in the Texas Department of Criminal Justice-Institutional Division as a repeat

offender. (C.R.-50, 51) Notice of appeal was filed thereafter and this appeal has followed. (C.R.-61)

## SUMMARY OF ARGUMENT

The evidence presented by the State of Texas was legally insufficient to prove that the appellant was the perpetrator of the offense due to the failure of the complainant to identify the defendant/appellant as the actor who committed the acts alleged in the indictment.

## APPELLANT'S S0LE
## POINT OF ERROR

The evidence is legally insufficient to support the judgment of conviction for the offense alleged in the indictment.

## STATEMENT OF APPLICABLE FACTS

As noted above the appellant was indicted by the Bexar County grand jury for the offense of Aggravated Robbery.[1] The indictment alleged in pertinent part: "on or about the 15th day of January, 2012, Jeffrey Lee, while in the course of committing theft of property and with intent to maintain control of said property did intentionally and knowingly threaten and place Javier Muro in fear of imminent bodily injury and death, and the defendant did use and exhibit a deadly weapon, to wit: a firearm." (C.R.-5)

In support of the allegations in the indictment the Sate produced the testimony of the complainant/victim, Javier Muro[2]. (R.R.4-18) Muro proceeded to testify as to the events that occurred on the night of January 12, 2012. According to Muro, he along with his co-worker, Gilda

---

[1] Tex. Penal Code Ann. § 29.03 (West 2014).
[2] Hereinafter referred to as Muro.

Hernandez, had completed the closing of their place of employment[3] at roughly 9:30 P.M. and were in the parking lot of the store, when an individual approached Hernandez, who was in a car being driven by her sister. (R.R.4-22, 29) The individual in question was armed with a gun and was aiming it at Gilda. (R.R.4-29, 30) Gilda and the driver then fled the scene in their vehicle. (R.R.4-30) At that point the actor approached Muro who was afoot. (R.R.4-30) Before Muro was able to enter his vehicle the actor aimed the weapon at Muro and demanded his wallet. (R.R.4-30) The wallet was then given to the actor. (R.R.4-30) The actor then demanded that Muro open the store and the two then proceeded into the store, at which time the actor demanded that Muro open the store's safe. (R.R4-30, 31) Due to a time lock on the main safe the safe could not be opened immediately. Consequently, the cash drawers were given to the actor who removed an unknown amount of cash from the cash drawers and thereafter fled the scene on foot. (R.R.4-35, 36, 55)

With respect to the question of the identity of the actor, Muro related that the perpetrator was a black man wearing a mask over his face that revealed only his eyes, which he described as "big wide" or "bug-eyed". (R.R.4-39) Shortly after the actor had departed the scene,

---

[3] A Dollar General store on Walzem Road. (R.R.4-19)

law enforcement officers arrived at the scene. (R.R.4-57) At that time Muro gave a statement to the investigating officers. The following day law enforcement came to the store with a "photo array" in an effort to obtain an identification of the actor. (R.R.4-65, 66) After using a folder to cover the lower half of the six faces displayed in the photo array Muro chose photo number two as the one depicting his assailant and remarked to the officer: "This is the guy". (R.R.4-66) Muro then proceeded to circle his selection on the photo array. (R.R.4-67) Muro was never asked by the prosecutor whether the individual who had committed the assault/robbery on him on the night in question, was the defendant present in court. As a result, Muro never identified the defendant/appellant as the actor who had committed the offense as outlined by Muro.

Muro's co-worker, Gilda Hernandez[4] also testified on behalf of the prosecution. (R.R.4-94) Hernandez also testified that the actor was a black man wearing a hoodie sweatshirt. Some two weeks later, Hernandez was asked to participate in a photo array identification procedure conducted by investigators with the Bexar County Sheriff's Department. At that time Hernandez viewed a photo array that

---

[4] Hereinafter referred to as Hernandez.

10

contained six photographs and asked whether the actor was depicted in any of the photographs. Hernandez then informed that the actor was depicted in photo number two which she then circled and initialed. (R.R.4-105, 106) Once again, the witness was not asked whether the individual who was the actor on the night in question was in fact the defendant/appellant. Moreover, Hernandez was not asked whether the individual whom she identified as photo number two was the defendant/appellant.

After obtaining fingerprints from the scene, later shown to be those of the defendant's, members of the Sheriff's Department were able to locate a photograph of the defendant/appellant which was used to compile the above-described photo arrays. (R.R.5-30 thru 44)

The final witness to relate information related to the identity of the actor was Detective Ward of the Bexar County Sheriff's Department.[5] (R.R.5-60) Ward related that he had sought and obtained an arrest warrant for an individual named Jeffrey Lee after obtaining a photograph of an individual whose fingerprints resulted in a "hit" on a computer generated fingerprint search which utilized the fingerprints obtained at the scene of the offense. (R.R.5-73) Ward also related that he

---

[5] Hereinafter referred to as Ward.

11

had utilized a photo spread to obtain possible identifications of the perpetrator from Muro and Hernandez. (R.R.5-76, 84) Ward related that those two had both indicated that the individual depicted in photo number two was the perpetrator. (R.R.5-76, 77) Ward also related that the person identified in photo number two, by Muro, was an individual named Jeffrey Lee and the person depicted in that photograph was the defendant sitting in the courtroom. (R.R.5-86) He related the same scenario regarding the witness Hernandez. (R.R.5-87)

It is crucial to note that the State's multiple stage attempt at identifying the appellant/defendant as the perpetrator of the robbery did not include any evidence that the individual purportedly depicted in photo number two was the same Jeffrey Lee that had committed the offense in question. In order for the fact-finder to conclude that the defendant/appellant was the Jeffrey Lee arrested and identified through the use of the photograph in question the record would have to contain evidence that the photograph in question was that of the defendant/appellant. That evidence is lacking. What is contained in the record is testimony that the individual purportedly depicted in the photograph was named Jeffrey Lee and that an individual bearing that name was in the courtroom.

ARGUMENTS AND AUTHORITIES

STANDARD OF REVIEW

In reviewing the legal sufficiency of the evidence to support a conviction a reviewing court is mandated to consider all of the evidence in a light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom a rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Winfrey v. State, 393 S.W.3d 763 (Tex. Crim. App. 2013); Gear v. State, 340 S.W.3d 743 (Tex. Crim. App. 2011).* See: *Jackson v. Virginia 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979).* A reviewing court is required to defer to the jury's credibility determinations because the jury is sole arbiter of the credibility of the witnesses *Winfrey v. State, id.* That standard gives full play to the responsibility of the jury to fairly resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts. *Whatley v. State, 445 S.W.3d 159, (Tex. Crim. App. 2014).* The presence of conflicting inferences during the course of a trial gives rise to a presumption that the trier of fact resolved the conflicts in the favor of the prosecution. *Padilla v. State, 326 S.W.3d 195 (Tex. Crim. App. 2010).* The fact-finder is the exclusive judge of the credibility of the witnesses and of the weight to be assigned to their testimony. *Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010).*

13

The ultimate fact that was to be resolved in the instant case was the identity of the individual that wielded the gun at the Dollar General on the night in question. Neither of the two witnesses to that event related that the appellant/defendant present in the courtroom was that individual. Hence the evidence is legally insufficient unless a reasonable inference can be drawn that the person identified through the photo array was the individual in the courtroom. That inference could be drawn only if the evidence revealed that the photograph in question was of the individual in the courtroom. That evidence is lacking. Ward testified only that the two witnesses had identified the person in the photograph as their assailant and the photograph appeared to be that of the individual in the courtroom. It is not a reasonable inference that, because of the existence of a photograph of a person, who might in fact be the accused, that the photograph is in fact that of the accused. That fact could have potentially been supplied by one or both of the witnesses. It was not. Officer Ward could have taken a "booking" photo of the individual who had been arrested and charged with the offense in question and inquired of the witnesses if the individual depicted in the booking photograph was the individual who had committed the assault conduct that formed the basis for the indictment. He did not.

14

The evidence presented by the State, on the issue of identification, required the jury to infer facts that were not reasonable: that being that the identifying photo was that of the individual who had been arrested for the offense in question and appeared in court to answer the indictment. That inference amounts to an unreasonable one and should not be sanctioned by this Court. As a result the evidence is legally insufficient to support the judgment of conviction. See: *Gormany v. State, 640 S.W.2d 303 (Tex. Crim. App. 1982); Moore v State, 640 S.W.2d 303 (Tex. Crim. App. 1982); Dixon V. State 541 S.W.2d 437 (Tex. Crim. App. 1976); Spencer v. State, 628 S.W.2d 220 (Tex. App.-Corpus Christi, 1982, pet. ref'd.).*

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant, prays that this

Court, reverse the judgment of the trial Court and remand the cause for

the entry of a judgment of acquittal.

<u>*Edward F. Shaughnessy, III*</u>

EDWARD F. SHAUGHNESSY, III
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)

Shaughnessy727@gmail.com
Attorney for the appellant

CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III , attorney for the appellant, hereby certify that a true and correct copy of the instant brief was served on Nicholas LaHood, attorney for the appellee, by United States Mail, by mailing the document to 101 W. Nueva, San Antonio, Texas 78205 on this the _4_ day of March, 2015.


*Edward F. Shaughnessy, III*

Edward F. Shaughnessy, III
Attorney for the appellant

CERTIFICATE OF COMPLIANCE

I, Edward F. Shaughnessy, III, attorney for the appellant, hereby certify that the instant document contains 2281 words.

*Edward F. Shaughnessy, III*

Edward F. Shaughnessy, III