**Opinion issued July 23, 2015**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-14-00661-CR

—————————————

## BRODERICK EARL GRIMES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Case No. 13CR1131

## MEMORANDUM OPINION

Broderick Grimes appeals his conviction for aggravated robbery.[1] In one issue, he contends that the evidence, including a complainant identifying Grimes as one of the robbers, is insufficient to support the jury's guilty verdict. We affirm.

---

[1]  TEX. PENAL CODE ANN. § 29.03 (West 2011).

## Background

Three men robbed Christopher Burnett and Angela Mendoza at gunpoint. Burnett and Mendoza were friends who had agreed to meet at a carwash. Mendoza left her car and got into Burnett's passenger seat. Suddenly, a gunshot rang out; the bullet hit one of the car's windows. Three men—one with a gun drawn—approached, forced Burnett and Mendoza out of the car, took their phones, cash, and car keys, and stole their cars. One robber shot at Mendoza as he drove away in Burnett's car.

Houston police found broken glass and shell casings at the scene. Police soon recovered the two stolen vehicles and arrested two of the robbers. Police suspected that Grimes was the third robber due to his connections with the two other men in custody and included Grimes's picture in a photo lineup shown to Mendoza and Burnett five days after the robbery. Burnett recognized Grimes as the robber who had a gun; Mendoza did not recognize him. Based on the photo lineup, police arrested Grimes.

At trial, the jury convicted Grimes. He timely appealed.

## Sufficiency of the Evidence

In his single issue on appeal, Grimes contends that the evidence is insufficient to support the jury's guilty verdict.

## A.     Standard of review

We review a challenge to the sufficiency of the evidence under the standard announced in *Jackson v. Virginia*, 443 U.S. 307, 318–20, 99 S. Ct. 2781, 2788–89 (1979). *See Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010). Under the *Jackson* standard, evidence is insufficient to support a conviction if, considering all of the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 317–19, 99 S. Ct. at 2788–89; *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009). We consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence in making our determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The *Jackson* standard defers to the factfinder to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2788–89; *Clayton*, 235 S.W.3d at 778. We presume that the factfinder resolved any conflicts in the evidence in favor of the verdict and defer to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

Evidence is insufficient when (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, (2) the evidence

conclusively establishes a reasonable doubt, or (3) the acts that the State alleges, if true, do not constitute the charged crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see Jackson*, 443 U.S. at 314–19, 99 S. Ct. at 2786–89. If an appellate court finds the evidence to be insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982).

## B.     Evidence of Grimes's identity

Grimes contends that the evidence, including the complainant's testimony that Grimes participated in the robbery, is insufficient to establish his identity as one of the assailants. "A conviction may be based on the testimony of a single eyewitness." *Santiago v. State*, 425 S.W.3d 437, 443 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). However, to provide sufficient evidence of guilt, the eyewitness must give "clear, direct, positive testimony" that the defendant committed the crime alleged. *Gilbert v. State*, 429 S.W.3d 19, 28 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

Burnett identified Grimes in a photo lineup and in court as the man who robbed him at gunpoint. At trial, he testified that he recognized Grimes "[b]ecause I remember when he had the gun in my face." He also testified that he saw Grimes participating in the robbery by: (1) forcing Mendoza out of Burnett's car, (2) demanding Mendoza's phone and car keys at gunpoint, (3) pistol-whipping

4

Mendoza, (4) giving Mendoza's car keys to an accomplice who drove away with her car, (5) demanding Burnett's car keys at gunpoint, and (6) stealing Burnett's cash, iPhone, iPad, and car. This is direct, clear, positive testimony that Grimes committed aggravated robbery.[2]

Grimes contends that Burnett's identification is not credible because Mendoza was unable to identify any of the assailants in the police photo lineup, Burnett did not identify Grimes until he saw his photograph in the lineup,[3] and "[t]he police investigation was lacking . . . physical evidence to show [that Grimes] was involved in the offense." However, one eyewitness is sufficient to sustain a conviction. *Santiago*, 425 S.W.3d at 443. Ultimately, whether these points cast doubt on Burnett's testimony is a credibility determination for the jury. *See Johnson v. State*, 176 S.W.3d 74, 78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) ("The alibi testimony, the lack of physical or forensic evidence, and the differences between the testimony of the witnesses were all factors for the jury to consider in weighing the evidence."). Following *Jackson*, we presume that the jury found Burnett's identification credible and defer to that finding. *See* 443 U.S. at

---

[2] "A person is guilty of aggravated robbery if, in the course of committing theft and with the intent to obtain or maintain control of property, he intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death and used or exhibited a deadly weapon." *Santiago v. State*, 425 S.W.3d 437, 443 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing TEX. PENAL CODE ANN. §§ 29.02–.03 (West 2011)).

[3] Burnett testified that he did not know Grimes before the robbery.

326; 99 S. Ct. at 2793; *see also Johnson*, 176 S.W.3d at 78. (holding that one eyewitness is sufficient to sustain conviction despite alibi and no physical evidence).

Second, Grimes argues that this case is analogous to a pair of Court of Criminal Appeals decisions, *Moore v. State*, 640 S.W.2d 300, 302 (Tex. Crim. App. 1982), and *Gormany v. State*, 640 S.W.2d 303, 303 (Tex. Crim. App. 1982), overturning two alleged co-conspirators' aggravated-robbery convictions for insufficient evidence. Notably, both cases were decided before Texas adopted the *Jackson* standard. To the extent that these cases should nevertheless inform our *Jackson* inquiry, neither supports Grimes. In *Moore*, the conviction was overturned because "[t]here has been no identification of appellant as the robber. In fact, [the complainant] testified appellant was not the robber. There is no [other] evidence to connect appellant as a party to the offense." 640 S.W.2d at 302. In *Gormany*, the Court of Criminal Appeals reversed Moore's alleged co-conspirator's conviction for the same reason: "The complaining witness never actually identified appellant as the robber" and no other evidence tied him to the robbery. 640 S.W.2d at 303. But here, one of the complainants—Burnett—identified Grimes in a photo lineup and in court as the man who robbed him at gunpoint. Therefore, *Moore* and *Gormany* are inapposite.

Because the evidence is sufficient to support Grimes's conviction, we overrule his only issue.

## Conclusion

We affirm the judgment of the trial court.


Harvey Brown
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).