Cleveland BRYANT, Appellant,

v.

The STATE of Texas, Appellee.

No. 55296.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 12, 1978.

W. A. Messer, III, Belton, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary of a motor vehicle. Appellant was found guilty by a jury; the court then assessed punishment at seven years' confinement.

Appellant's only contention is that the evidence is insufficient to show that the entry into the vehicle was without the owner's effective consent. More specifically, he argues that, although there is evidence that the complainant did not give appellant consent to enter his truck, and there is also evidence that appellant entered a truck, there is insufficient evidence to prove that the vehicle appellant entered was the complainant's. We agree with appellant's contention and reverse the judgment.

Ben Selman, a Waco attorney, testified that at approximately two o'clock on the afternoon of August 19, 1976, he was driving through Temple on Interstate 35. He looked off the road toward a nearby parking lot and saw two men engaged in what he thought was a burglary of a motor vehicle. The men were in a red Pontiac automobile with a black front fender. As Selman watched, one of them got out of the Pontiac "and crouched down and walked around the front of his car in a crouched position up to the side of another car that was parked there in the parking lot."

Selman left the freeway and drove up to the offices of the Chupik Corporation, which adjoined the parking lot. As he drove in, he attempted to alert the local police on his citizens' band radio. After telling a woman in the office about what he thought was happening, Selman returned to the parking lot where the burglary was taking place. Selman stated that this was the parking lot on the south side of the Chupik building, and that it was one of two parking lots next to the building.

When he returned to the lot, Selman saw that the man who had gotten out of the Pontiac was leaning into the second vehicle, which Selman described as a pickup truck. The man's "arms were extended into the truck and the upper half of his body, and it looked as though he were working on something inside the car." At trial, Selman was "ninety percent sure" that this person was the appellant.

As Selman began to write down the license number of the Pontiac (DKS 785), the second man, who appeared to be working under the hood of the Pontiac, signaled to Selman and then moved rapidly to get behind the wheel of the car. The appellant walked quickly from the pickup to the Pontiac and got into the passenger side of the car. As he did so he made several movements which caused Selman to fear that appellant was reaching for a gun. As a result, Selman ducked his head and drove out of the parking lot and back to the front of the Chupik building. After determining that the police were on their way, Selman attempted to pursue the Pontiac and did observe the car twice after it left the parking lot.

Jonlene Shortridge, the receptionist and payroll clerk at Chupik Corporation, testified that appellant and another man came into the Chupik offices on August 19, 1976, to apply for a job. She stated that they left the office at approximately 1:30 p.m., which was "about ten or fifteen minutes" before Ben Selman came to the office to report that the burglary was taking place. She also testified that Duane Hahn's car was parked that day on the company's employees' parking lot, which was on the northwest side of the building and which she was unable to see from her office.

Duane Hahn, an employee of the Chupik Corporation, testified that when he arrived

at work in his pickup on August 19, 1976, he parked in the parking lot on the west side of the Chupik building. He left his truck locked; however, a vent window was missing. During the afternoon, after Hahn "was notified," he went to his truck and found that the citizens' band radio in his truck had been partially pulled out of its bracket. Hahn stated he had given no one permission to enter his truck or take his radio.

Fred Gonzales, a patrolman with the Temple Police Department, testified that on August 19, 1976, he received a call on his radio that a vehicle burglary was taking place at the Chupik Corporation. He was informed that the "wanted car" was a red GTO having a black left fender and bearing the license number DKS 785. He also received information that the car was travelling on Interstate 35. Responding to the radio call, Gonzales drove to the Interstate, observed a car which matched the description given on his radio, and pursued it. After stopping the car, he arrested appellant and his companion. Gonzales was not able to remember which of the two men was driving and which was in the passenger seat.

The main fact to be proved was that appellant entered the complainant Hahn's vehicle without Hahn's consent. Since there was no direct evidence that the vehicle which appellant entered was Hahn's, the case necessarily rested on circumstantial evidence, and the trial court instructed the jury accordingly.

■ Every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused and proof amounting to only a strong suspicion or mere probability is insufficient. It is not necessary, however, that every fact point directly and independently to the guilt of the accused, and the cumulative force of all the incriminating circumstances may be sufficient to warrant a conclusion of guilt. *Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr.App.1977); *Flores v. State,* 551 S.W.2d 364 (Tex.Cr.App.1977); *Easley v. State,* 564 S.W.2d 742 (Tex.Cr.App.1978).

■ In the case before us the only evidence which connects the actions of the accused with Hahn's pickup is: (1) appellant was seen entering a pickup on a parking lot adjacent to the Chupik Corporation; (2) Hahn's vehicle, also a pickup, was parked on a lot adjacent to the Chupik building; (3) the damage done inside Hahn's vehicle occurred on the same day that appellant was seen entering a pickup.

Aside from this evidence, there is nothing to show that Hahn's vehicle was similar to the one appellant entered: no identity of license plates; nothing as to the make, model, or color of either vehicle; no distinguishing characteristics on either vehicle save the broken vent window on Hahn's pickup. Also, the State's evidence as to the location of the vehicles weakens its case against appellant rather than strengthening it. Hahn testified that his pickup was on the *west* side of the Chupik building, while Jonlene Shortridge testified that it was parked *northwest* of the building. Selman, on the other hand, stated that appellant's allegedly burglarious entry occurred in a parking lot on the *south* side of the Chupik building. There is no diagram in the record of the building and adjoining parking lots, nor does the statement of facts give any indication that such a diagram was used during trial.

■ This Court has a duty of insuring that no one is convicted of a crime except upon proof beyond a reasonable doubt and, in a circumstantial evidence case, upon proof excluding all other hypotheses except appellant's guilt. *Easley v. State,* 529 S.W.2d 522, 525 (Tex.Cr.App.1975). See also *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). We conclude that the evidence is insufficient to sustain the conviction for burglary of a motor vehicle. Compare *Freeman v. State,* 417 S.W.2d 412 (Tex.Cr.App.1967).

■ Having found that reversal must result, as the evidence is insufficient, the Supreme Court's decisions in *Burks v. U. S.,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), dictate that no further prosecution be had in this case.

The judgment is reversed and it is ordered that a judgment of acquittal be entered in the trial court.