**Charles Kelly HORTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–87–00750–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 7, 1988.

Don Lambright, Houston, for appellant.

John B. Holmes, Jr. and Kathlyn Giannaula, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

Appellant appeals a class A misdemeanor conviction for failing to keep an accurate and legible inventory of major component automobile parts. The trial court found him guilty and assessed punishment at one year incarceration, probated, and a $250.00 fine.

In a single point of error appellant alleges the evidence is insufficient to support the conviction. We reverse the judgment.

On April 1, 1987, Officers Johnny McFarland and Kevin Johnson of the Houston Police Department participated in an undercover investigation involving stolen auto parts and accessories at the One Stop Custom Auto Accessories store, (hereinafter

"One Stop"). On this date,[1] the officers were selling four tires and three seats from a Pontiac Grand Am to One Stop Auto Accessories. The officers represented to One Stop employee Harold McClinton that the items were stolen. Mr. McClinton agreed to give the officers $600.00 for the auto parts and then referred the officers to appellant to complete the necessary paperwork.

The officers went to appellant's office and told appellant that Mr. McClinton said to pay them $600.00. Appellant's position as record keeper for One Stop required him to complete all the paperwork for the business. As appellant was drawing up the sales contract, he requested that the officers present some identification in order to complete a state required form called a warranty deed contract. The warranty deed contract lists the name, drivers license number of the seller, and identification of the major component parts sold by serial number. Officer Johnson then displayed a fake Texas operator's license bearing a photograph that was not a photograph of either Officer Johnson or Officer McFarland. After examining the identification, appellant told the officers that the identification did not belong to either officer. The officers then admitted to appellant that the identification was false and that Mr. McClinton said they could use it for the transaction. Appellant expressed his reservations regarding the identification and refused to complete the paperwork. Officer McFarland left appellant's office, went outside and called Mr. McClinton. When Mr. McClinton arrived in appellant's office, the officers told Mr. McClinton that appellant had a problem with the identification. Mr. McClinton then took the identification and warranty deed contract from appellant, left appellant's office and completed the contract outside. Soon thereafter, Mr. McClinton returned to appellant's office with the completed form and told appellant to pay the officers $600.00. Appellant paid the officers and the officers left with Mr. McClinton.

On April 3rd and April 28, 1987, Detective Kenneth A. Miller and Sergeant Townsend visited One Stop to determine if the April 1, 1987 transaction involving Officers Johnson and McFarland was reflected in One Stop's business records. On each occasion, the officers were unable to locate the dealership copy of the transaction either under the undercover names for Officer Johnson or McFarland or under the name listed on the false identification. No paperwork existed recording the April 1, 1987, purchase or delivery of the stolen goods. Appellant was subsequently indicted for failing to keep an accurate and legible inventory of the four tires and three seats sold by the police officers.

■ In a single point of error appellant argues that the evidence is insufficient to sustain his conviction because there was no evidence that he purchased or had delivered to him any major component part within the definition of Tex.Rev.Civ.Stat. Ann. art. 6687-2(c) (Vernon Supp.1977). This statute requires an automobile salvage dealer to keep an accurate and legible inventory of each major component part purchased by or delivered to him.

After carefully reviewing the record we find that the record is devoid of any evidence that appellant purchased or received any major component parts. The evidence shows that it was Mr. McClinton who negotiated the transaction and received the tires and seats from the officers. Moreover, Mr. McClinton completed the requisite paperwork for the transaction after appellant refused to do so. Appellant's only involvement in the transaction was giving the officers the $600.00 after being instructed to do so by his immediate supervisor Mr. McClinton. The record also shows that appellant had only been employed by One Stop for two weeks and that the owner of

---

1. Officer Johnson was wearing a body recorder and Officer McFarland was wearing a body mike at the time the undercover sales transaction at One Stop occurred. However, during the transaction, the body recorder was inadvertently turned off.

One Stop ordered appellant to take instructions from Mr. McClinton when the owner was not present at the store. There is no evidence in the record showing that appellant intentionally purchased a major automobile component part.

We find from our examination of the record that the four automobile tires and three automobile seats did not bear any identifying vehicle identification number. In order to be considered a major component automobile part, the part should contain either a federal safety sticker, motor number, serial number, manufacturer's permanent vehicle identification number or a derivative of a vehicle identification number. Tex.Rev.Civ.Stat.Ann. art. 6687–2(a)(2) (Vernon Supp.1977). There is no evidence in the record showing that the automobile seats were equipped with a permanent identification number. To the contrary, Detective Miller testified that the manufacturer's packing slips had been removed from each of the three automobile seats. Moreover, Detective Miller testified that he did not consider tires to be a major component part of an automobile. The record before us is silent regarding whether the automobile seats and tires are major component parts.

■ Finally, no evidence exists showing that appellant was ever made aware of the purchase, delivery or transfer of any major component part. The warranty deed contract was completed by Mr. McClinton outside of appellant's presence. The police officers and McClinton were gone from appellant's office for at least fifteen minutes. It would be speculative to assume that appellant knew what transaction had occurred between the men. Proof amounting to only a strong suspicion or mere probability is insufficient to sustain a conviction. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex. Crim.App.1984). A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Bryant v. State*, 574 S.W.2d 109, 111 (Tex.Crim.App.1978).

For all of these reasons, we conclude that the evidence does not show that appellant purchased or had delivered to him any major component part or that he was aware of the purchase, delivery or transfer of any major component part. In our view the most that is established is a mere suspicion of appellant's guilt and every reasonable hypothesis other than appellant's guilt has not been excluded. Consequently, we hold that the evidence is insufficient to support the conviction. The conviction is reversed and rendered to show acquittal.