**Willie James SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00250–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 6, 1989.

Ronie Neal, Houston, for appellant.

John B. Holmes Jr., Dist. Atty., John F. Carroll, Joan Huffman, Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and O'CONNOR and DUGGAN, JJ.

## OPINION

O'CONNOR, Justice.

A jury convicted Willie James Smith, appellant, of burglary of a building with the intent to commit theft. After it found an enhancement paragraph to be true, the jury sentenced appellant to 12 years confinement.

In his first point of error, appellant challenges the sufficiency of the evidence.

When we review the sufficiency of the evidence, we view it in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). We judge the sufficiency of the evidence to support a conviction by the standard established in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979): "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Anderson v. State*, 701 S.W.2d 868, 872 (Tex.Crim.App.1985). We apply this standard to both direct and circumstantial evidence. *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983). If the evidence supports an inference other than appellant's guilt, we cannot find beyond a reasonable doubt that appellant is guilty. *Anderson*, 701 S.W.2d at 872.

Officer Tate testified he saw appellant walking down the middle of the street carrying a large commercial fan shortly after midnight on July 9, 1987, in downtown Houston. When Tate questioned appellant, he said he was taking the fan home from a friend's house. Tate thought appellant had taken the fan from a business in the area because it was a floor fan mounted on a stand.

About 30 minutes later, Officer Tate spotted a broken window at a nearby business. The Plexiglass window was broken completely out of its frame with the pieces lying on the sidewalk. While Tate waited for a backup unit, a man (later identified as Michael Coleman) rounded the corner pushing a shopping cart. As soon as he saw Tate, Coleman turned and began running away with the cart. Tate followed Coleman and arrested him. In Coleman's cart, Tate found a fan similar to the one appellant had except with tubes attached.

After lifting four fingerprints from the broken Plexiglass, Officer Tate returned to the police substation. On the way back to the station, about two hours after Tate first saw appellant, Tate again saw him walking down the middle of the street. Tate arrested appellant for walking in the street when there was a sidewalk.

When Officer Tate asked appellant what he did with the fan, appellant told him he sold it for $3. A few minutes later, appellant changed his story and said he took the fan home and put it in a window. Tate and appellant went to his house to look at the fan. Tate testified the fan at appellant's house was a different color and shape than the one he saw appellant with earlier.

Appellant first told Officer Tate his name was "Willie Lee." Later, at the station, appellant told Tate his real name was Willie James Smith. A fingerprint expert identified one of the prints taken from the broken window as appellant's.

Gary Carver, the manager of the business that was burglarized, testified as the owner's representative. He testified four fans and a tool box were missing after the burglary. Two of the fans and the tool box were later recovered. He said no one had permission to enter the building by breaking the Plexiglass window. Carver's description of the fans matched Officer Tate's description of the fan he saw appellant carrying.

Appellant's mother testified that appellant fixed toasters and fans he picked up around the neighborhood. Coleman, the other man arrested that night, testified he was charged and convicted of the burglary of the building. Coleman said appellant was not with him that night. Coleman said he did not see appellant until Officer Tate picked him up a couple of hours later. On cross-examination Coleman admitted he had been convicted of three felonies. Coleman said he worked with appellant at Live Oak Metal Company; Coleman considers appellant his friend.

Appellant argues that the evidence does not exclude every other reasonable hypothesis except his guilt. Appellant contends the evidence does not exclude the possibility that appellant did not commit the burglary. He argues in his brief that the evidence does not exclude the possibility he could have left his fingerprint on the Plexiglass by leaning against the store's front window. Appellant cited nine cases in support of his argument that the State's proof does not support the conviction. None is dispositive.

In one of the cases cited by appellant, *Bryant v. State,* 574 S.W.2d 109, 111 (Tex. Crim.App.1978), the court told us to test each circumstantial evidence case by its facts to determine if the evidence is sufficient to support the conviction. When there is only a strong suspicion or mere probability of guilt, the court said the evidence is not sufficient to support the conviction. *Id.* It is not necessary for every fact to point directly and independently to the guilt of the accused. *Id.* The cumulative force of all the incriminating circumstances may warrant a conclusion of guilt. *Id.*

Appellant is correct in one regard: considered separately, the circumstances linking appellant to the burglary are insufficient. Taken together, however, the circumstantial evidence is sufficient to support his conviction. As stated in *Bryant,* we must look at the *cumulative* force of *all* the incriminating circumstances.

A summary of that evidence is: Officer Tate saw appellant after midnight, in deserted, downtown Houston, carrying a large commercial fan; appellant said he was taking the fan home from a friend's house, which story he later contradicted; Tate found a window broken at a nearby building; Tate later arrested Coleman, a friend and co-worker, at the scene of the burglary with a similar fan; Carver's description of the missing fans matched Tate's description of the fans in appellant's possession and in Coleman's possession; appellant told Tate he sold the fan for $3; he then said he took the fan home; Tate testified the fan at appellant's house was not the same fan; appellant gave an alias when he was arrested.

When we consider this evidence in the light most favorable to the verdict, we find it is sufficient to support the conviction. We do not believe this evidence permits any other reasonable hypothesis. The hypothesis suggested by appellant was: appellant just happened to be wandering around downtown Houston in the middle of the night carrying a large, commercial fan; appellant only leaned against the window of a business that Coleman, his friend and co-worker, burglarized; appellant just happened to be carrying a fan that resembled the four large, commercial fans stolen by Coleman. The jury was free to find that explanation was unreasonable.

We overrule the first point of error.

In his second point of error, appellant claims the trial court erred in instructing the jury on the law of parties because the indictment did not identify a co-defendant. Appellant argues that when the trial court gave the instruction on the law of parties, he commented on the evidence.

The trial court gave the following instruction on the law of parties to the jury:

All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

■ The State correctly points out that the trial court may instruct the jury on the law of parties even though the indictment does not allege appellant had a co-defendant. In *Williams v. State*, 676 S.W.2d 399, 401 (Tex.Crim.App.1984), the Court of Criminal Appeals said, if the evidence supports the instruction on the law of parties, the trial court may charge the jury on the law of parties even if there is no allegation in the indictment that defendant committed the crime with another person.

■ The evidence showed that Officer Tate arrested Coleman, appellant's friend and co-worker, at the scene of the burglary with a fan similar to the one in appellant's possession. The evidence also showed that one of the fingerprints on the window was appellant's. The evidence supported a charge to the jury on the law of parties.

We overrule the second point of error and affirm the judgment of the trial court.