PD-0995&0996-15

PD-0995-15, PD-0996-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/27/2015 11:59:14 PM
Accepted 8/28/2015 12:18:32 PM
ABEL ACOSTA
CLERK

# IN THE
# TEXAS COURT OF CRIMINAL APPEALS

**KENNETH TURNER**
**Petitioner**

**v.**                                                  **NO. PD-0995-15**
                                                        **NO. PD-0996-15**

**STATE OF TEXAS**
**Respondent**

_____

## PETITION FOR DISCRETIONARY REVIEW

## APPEAL FROM THE 1ST CRIMINAL DISTRICT COURT OF DALLAS COUNTY, TEXAS
## THE HONORABLE DON METCALFE

## THE COURT OF APPEALS FOR THE FIFTH DISTRICT

_____

FILED IN
COURT OF CRIMINAL APPEALS

August 28, 2015

ABEL ACOSTA, CLERK

**DARIAN HOWARD**
**SBN: 24067669**
**P.O. BOX 411252**
**DALLAS, TEXAS 75241**
**(214)372.3333 (Telephone)**
**(214)372.3320 (Facsimile)**
**darianhoward@yahoo.com (Email)**

**ORAL ARGUMENT REQUESTED**

Appeal

# IDENTITY OF PARTIES AND COUNSEL

**DEFENDANT-APPELLANT**

KENNETH TURNER;

      DARIAN HOWARD
      ATTORNEY
      STATE BAR NO. 24067669
      P.O. BOX 411252
      DALLAS, TEXAS 75241

**PLAINTIFF-APPELLEE**

STATE OF TEXAS;

      DALLAS COUNTY DISTRICT ATTORNEY
      133 N. RIVERFRONT BLVD.
      DALLAS, TEXAS 75207

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS…………………………………………… ii

INDEX OF AUTHORITIES…………………………………….. iii-iv

STATEMENT REGARDING ORAL ARGUMENT………………. v

SUMMARGY OF ARGUMENT…………………………………... v

STATEMENT OF THE CASE………………..…………………. 1

STATEMENT OF PROCEDURAL HISTORY……………………. 1

GROUNDS FOR REVIEW………………………………………… 2

STATEMENT OF THE FACTS…………………………………… 2-3

ARGUMENT……………………………………………………. 4-21

    I.   The evidence presented was legally insufficient to prove the requisite intent for the offense of possession with the intent to deliver a controlled substance.

        A.  The Standard of Review………………………….. 4-5

        B.  Application………………………………………... 5-15

    II.  The evidence presented was legally insufficient to convict Appellant of the offense of unlawful possession of a firearm by a felon.

        A.  The Standard of Review………………………… 16-17

        B.  Application……………………………………… 17-20

PRAYER…………………………………………………………… 20

CERTIFICATE OF SERVICE………………………………….. 21

# INDEX OF AUTHORITIES

| **CASES** | **Pages** |
|---|---|

*Jackson v. Virginia, 443 U.S. 307, 318-319 (1979)*………………..  4, 14

*Burden v. State, 55 S.W. 3d 608, 613 (Tex. Crim. App. 2001)*………..  4

*In re B.P.H., 83 S.W.3d 400, 406 (Tex. App. Fort Worth 2002)*………  4

*Johnson v. State, 23 S.W. 3d 1, 11 (Tex. Crim. App. 2000)*…………...  5,15

*Bates v. State, 155 S.W. 3d 212, 216-17 (Tex. App. Dallas 2004)*…...  6,16

*Joseph v. State, 897 S.W. 2d 374, 376 (Tex. Crim. App. 1995)*……….  6

*Brown v. State, 911 S.W. 2d 744, 747 (Tex.Crim.App. 1995)*…………  6

*Moore v. State, 640 S.W. 2d 300, 302 (Tex.Crim.App. 1982)*………….  6

*Deshong v. State, 625 S.W. 2d 327, 329 (Tex.Crim.App. 1981)*………  7

*Porter v. State, 873 S.W. 2d 729, 732 (Tex.App. Dallas 1994)*……….  7

*Wallace v. State, 932 S.W. 2d 519, 524 (Tex.App. Tyler 1995)*……….  8

*Oaks v. State, 642 S.W. 2d 174 (Tex. Crim. App. 1982)*………………  8-10

*Bryant v. State, 574 S.W.2d 109 (Tex. Crim. App.1978)*………………  10

*Ford v. State, 571 S.W.2d 924 (Tex. Crim. App.1978)*………………..  10

*Cude v. State, 716, S.W. 2d 46,47 (Tex.Crim.App. 1986)*……………...  10-11

*Poindexter v. State, 153 S.W. 3d 402, 406 (Tex.Crim.App. 2005)*…...  13,15

*United States v. Jackson, 426 F.2d 305 (5th Cir. 1970)*………………  15

*United States v. Jones, 133 F.3d 358 (5th Cir. 1998)*…………………  15

*Brown v. State, 270 S.W. 3d 564, 568 (Tex.Crim.App. 2008)*............... 15

*Evans v. State, 202 S.W. 3d 158, 161-62 (Tex.Crim.App. 2006)*.......... 16

*Smith v. State, 176 S.W. 3d 907, 916 (Tex.App.Dallas 2005)*................ 17

## **STATUTES**

Tex. Health and Safety Code 481.112(a)…………………………... 2, 5, 14

Tex. Penal Code Ann. § 46.04(a)(1)…….…………………....... 2, 15

Tex. Penal Code Ann. § 6.01(a)…………………………………. 16

Tex. Penal Code Ann. § 6.01(b)……………………………...... 16

Tex. Penal Code Ann. § 1.07(a)(39)………………………… 16

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested.

## SUMMARY OF ARGUMENT

It is well settled in Texas law that a person unlawfully possesses a controlled substance if he/she knowingly (1) exercised control, management, or care over the substance, and (2) accused knew the matter possessed was contraband. Further, to establish the offense of unlawful possession of a firearm by a felon, the State must show (1) that the defendant was previously convicted of a felony offense and (2) possessed a firearm after the conviction and before the fifth anniversary of the person's release from confinement. If the contraband or firearm is not found on defendant's person or is not seen in the defendant's exclusive care, custody, control or management, additional independent facts and circumstances must be offered that link the defendant to the contraband or firearm.

Here, the State failed to provide evidence sufficient to satisfy the affirmative links rule required for the crime of possession, and the evidence was legally insufficient to support a conviction for said offense.

# STATEMENT OF THE CASE

On January 15, 2013, Kenneth Turner was charged by indictment with the offense of Possession with the Intent to Deliver a Controlled Substance and Unlawful Possession of a Firearm by a Felon. *See C.R. at 11*. A trial was held from June 25 through June 27, 2013. The jury found Mr. Turner guilty of the offense of retaliation on June 28, 2013. *See C.R. at 6-7*. On August 23, 2013, the Court imposed a sentence of thirty-five (35) years in the Texas Department of Correctional Facilities on the charge of Possession with the Intent to Deliver a Controlled Substance, and ten (10) years in the Texas Department of Correctional Facilities on the Unlawful Possession of a Firearm by a Felon charge. *See C.R. at 39*. On September 9, 2013, Mr. Turner timely filed a Notice of Appeal from his conviction and sentence. *See C.R. at 42*.

# STATEMENT OF PROCEDURAL HISTORY

(1) Date of opinion from Court of Appeals:　　　October 29, 2014

(2) Date of Motion for Rehearing:　　　December 19, 2014

(3) Date Motion for Rehearing Disposed:　　　June 4, 2014

(4) Date of Motion or En Banc Reconsideration:　　　January 16, 2015

(5) Date Motion for En Banc Disposed:　　　June 16, 2015

## GROUNDS FOR REVIEW

I. Was the evidence presented legally insufficient to prove the requisite intent for the offense of possession with the intent to deliver a controlled substance?

II. Was the evidence presented legally insufficient to prove the requisite intent for the offense of unlawful possession of a firearm by a felon?

## STATEMENT OF THE FACTS

Appellant was charged with the offense of possession with the intent to deliver a controlled substance in violation of Tex. Health and Safety Code 481.112(a) and unlawful possession of a firearm by a felon in violation of Tex. Penal Code § 46.04(a)(1). Specifically the State alleged Appellant knowingly possessed a controlled substance while having the intent to distribute that substance. To that effect, it produced two witnesses who testified as to his actions on the date of the alleged acts.

Officer Robert Wilkerson and Officer Stephen Cole, described in detail their encounters with Appellant. Officer Robert Wilkerson testified as to his involvement in the arrest of Appellant. Officer Wilkerson states that he arrived at the address of 8081 Marvin D. Love, Apartment # 223 in Dallas County, in response to a family violence and armed encounter call. Officer Wilkerson testified that when he first encountered Appellant, he was on the commode in the apartment. (*R.R. at III:69*) He stated that when talking to Appellant, he did not appear to be nervous, calm and did not

Appeal                      2

appear as if he was hiding anything. (*Id. at III:71*) According to Officer Wilkerson's testimony, Appellant was not in close proximity to the guns and drugs that were found on the premises. During the encounter, Officer Wilkerson admits that he did not question Appellant as whether any of the drugs or weapons belonged to him, and only assumed that the contraband was that of Appellant's. He also admits that he assumed that Appellant lived at the residence, and did not find any evidence that Appellant lived there. *(R.R. III:112)* Officer Stephen Cole, also stated that Appellant seemed very calm during the investigation. However, he admits that he found the facts as the complainant presented seemed a little strange, and he had considered releasing Appellant to leave. *(R.R. at III:106)* Officer Cole further admitted that he assumed the contraband belonged to Appellant and did not bother to investigate further as to whether he actually lived at the residence.

Officer Cole stated that the drugs and guns were not within the reach of Appellant when they came into contact with him. *(R.R. at III:72,111)* Both officers testified that there was no evidence linking Appellant to drugs at the residence, and the arrest of Appellant was made merely off an assumption. *(R.R. III:80,82,84,112)* They both admitted that they failed to interview Appellant and inquire as to whether he lived at the residence or whether the contraband belonged to him or complainant. *Id.*

Appeal                                    3

## ARGUMENT

**I. The evidence presented was legally insufficient to prove the requisite intent for the offense of Possession with the Intent to Deliver a Controlled Substance.**

### A. The Standard of Review

In reviewing the legal sufficiency of the evidence, we examine the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-319 (1979). The standard is the same for both direct and circumstantial evidence cases. *Burden v. State, 55 S.W. 3d 608, 613 (Tex. Crim. App. 2001).* The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *In re B.P.H., 83 S.W.3d 400, 406 (Tex. App. Fort Worth 2002).* In analyzing whether the evidence was factually sufficient to support the conviction, we must determine "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's

determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson v. State, 23 S.W. 3d 1, 11 (Tex. Crim. App. 2000).*

## B. Application

As detailed above, appellant was arrested on a charge of possession with the intent to distribute on January 9, 2013. Here there is insufficient evidence that appellant actually had possession of the drugs found at the residence. Two issues under this point of error are put before the Court. The first is the fact that Appellant was not found in possession of the contraband found. Secondly, Appellant was not in exclusive possession of the property where the contraband was found. Where the State cannot in any way link appellant to drugs found hidden in a home in which he held no ownership interest and was nothing more than a temporary visitor, the evidence is legally insufficient to support a conviction for the offense of possession. A person commits an offense if he knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance. *Tex. Health & Safety Code Ann. § 481.112(a).* The evidence submitted by the State supporting the findings of the jury was that of the testimony of Officer Robert Wilkerson, Officer Stephen Cole and the contraband found at the residence. Officer Wilkerson and Officer Cole testified for the State that the

complainant made allegations to them that appellant had drugs in her room. However, neither gave testimony that they actually saw Appellant with the drugs in his physical possession. Possession means actual care, custody, control, or management. *Bates v. State*, 155 S.W. 3d 212, 216 (Tex. App.- Dallas 2004). A person commits a possession offense only if he voluntarily possesses the prohibited item. *Id.* Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *Id.* To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. *Joseph v. State*, 897 S.W. 2d 374, 376 (Tex. Crim. App. 1995). Whether this evidence is direct or circumstantial, "it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than fortuitous. Where circumstantial evidence is involved, the circumstances must exclude every other reasonable hypothesis except that of the guilt of the defendant. *Moore v. State*, 640 S.W. 2d 300, 302 (Tex. Crim. App. 1982). This is the whole of the so-called 'affirmative links' rule." *Brown v. State*, 911 S.W. 2d 744, 747 (Tex.Crim.App. 1995). Thus the Court of Criminal Appeals have formulated the rule that "when the accused is not

in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Deshong v. State, 625 S.W. 2d 327, 329 (Tex.Crim.App. 1981).* The essential element of the case to be proven by the State is whether appellant exercised control, management and care over the substance. Both officers in their testimony confirm that appellant at no point in time had physical possession of the drugs found in the apartment. *(R.R. III:73, 104-105, 116).* Furthermore the State failed to present any evidence that appellant was in exclusive possession of the place where the drugs were found. As stated earlier, and supported by precedence, when the accused is not in exclusive possession of the substance, the State is required to present evidence affirmatively linking Appellant to the contraband. Thusly, the State was required to provide additional independent facts and circumstances affirmatively linking appellant to the drugs found. No set formula of facts exist that would dictate a finding of affirmative links sufficient to support an inference of knowing possession of contraband. *Porter v. State, 873 S.W. 2d 729, 732 (Tex.App. – Dallas 1994).* The number of links is less important than the "logical force" or degree to which the links, alone or in combination, tend to affirmatively

link the accused to the contraband. *Wallace v. State, 932 S.W. 2d 519, 524 (Tex.App. – Tyler 1995).* Possible affirmative links include: (1) whether the defendant was present when the drugs were found; (2) whether the drugs were in plain view; (3) whether the drugs were found in proximity to and accessible to the defendant; (4) whether the defendant was under the influence of drugs when arrested; (5) whether the defendant possessed other contraband or drug paraphernalia; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of drugs; (10) whether the defendant owned or had the right to possess the place where the drugs were found; (11) whether the place the drugs were found was enclosed; (12) the amount of drugs found; (13) whether the defendant possessed weapons; and (14) whether the defendant possessed a large amount of cash.

The Appellate Court, in considering the evidence and inferences tending to support the findings under attack, will find that the essential element of this crime is absent. In its review of the case at bar Appellant urges this Court to consider its ruling in *Oaks v. State, 642 S.W. 2d 174 (Tex. Crim. App. 1982).* In *Oaks,* Appellant was convicted of possession of heroin. The officers in *Oaks,* obtained a warrant to search the home after

observing eight to ten individuals come to the house in the morning, and three or four individuals in the afternoon. The officer stated individuals known to them as heroin addicts exchanged money with the appellant at the door of the house or outside for "something" which he could not identify. Appellant was seen standing in the kitchen of the home. He was about two feet from a trash can. According to testimony, four, five or six persons were playing dominoes at a table about six or eight feet from the trash can. The testifying officer did not see the appellant make any furtive gestures. He did not attempt to escape or flee. The officer searched appellant and found no drugs, etc., but found "some money," but could not recall how much. He related there were no needle marks on appellant's person, and that the appellant was not under the influence of heroin. The officer stated he moved the appellant to another location in the house. In searching the bedrooms the officer revealed he found "drugs in some of the other rooms," but he did not articulate what drugs he found. This Honorable Court in overturning the Court of Appeals decision stated the following; from the facts only a strong suspicion is created that appellant was guilty of the offense charged. This is insufficient to sustain the conviction. In citing several cases out of the Texas Court of Criminal Appeals, the Court gave the following reasoning. A conviction based on circumstantial evidence cannot be sustained if the

circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Bryant v. State, 574 S.W.2d 109 (Tex. Crim. App.1978).* Proof which amounts only to a strong suspicion or mere probability is insufficient. *Ford v. State, 571 S.W.2d 924 (Tex. Crim. App.1978).*

A similar case *Cude v. State, 716 S.W. 2d 46,47 (Tex. Crim. App. 1986).*, coming out of the Court of Criminal Appeals, raised the issue of exclusive possession. In *Cude,* Appellant did not rent or own the residence where drugs were found, nor was he in exclusive possession of the residence at the time of the drug raid. The police arrested the defendant for delivery of drugs. *Cude v. State, 716 S.W. 2d 46,47 (Tex. Crim. App. 1986).* After obtaining a search warrant, the officers went back to the apartment in which the defendant had sold drugs to them and found more drugs. *Id.* The Court found the evidence insufficient to show that the mere presence of a person at a residence, not his own, would not constitute control over any contraband that is found there. *Id.*

The circumstances in the case at bar are similar to that in *Oaks, Allen* and *Cude.* Appellant ask that this Court apply the same reasoning as in *Oaks, Cude* and that of the Third District in *Allen*, to the facts of the present case. Officer Wilkerson and Officer Cole, both testified that appellant was

in the bathroom, not in the same vicinity were the drugs were located. *(R.R. III:72, 111)* Neither of the officers testimony, place appellant at any point during the investigation, in close proximity to the contraband. There was no testimony that Appellant made furtive gestures or incriminating statements, in fact both officers admitted that his demeanor was very calm and collected. Both officers admitted that they assumed, without further investigation, that the drugs belonged to appellant and not to complainant. *(R.R.III:80,82,84,112)* Officer Wilkerson stated that appellant did not display the behavior of someone hiding something. *(R.R. III:71)* Appellant at no point in time attempted to flee the scene, and Officer Cole testified that they even considered letting appellant leave. *(R.R. III:106)* The officers did not testify that they detected an odor of drugs during their investigation, nor did Appellant have possession of a weapon. Furthermore, there was no evidence of mail in appellant's name, clothing belonging to appellant, or any other evidence linking appellant to the residence found at the apartment. The apartment where the contraband was found belonged to complainant as evidenced by her own testimony. The only possible affirmative link, as mentioned by the Court of Appeals in its opinion, that could tie Appellant to the drugs was his presence in the apartment when the search ensued, and Officer Wilkerson's testimony that the drugs where in plain view. However,

the logical force of those factors, are not strong enough to link appellant to the contraband, as the drugs although in plain view, was nowhere near Appellant. Although appellant was present in the apartment, he was in the bathroom, which was a closed off area in the apartment. There is no evidence present as to how long appellant had been in the bathroom. In fact both officers admitted to not interviewing appellant, because they automatically assumed the drugs found belonged to appellant. Appellant, as well as complainant testified that appellant and his child had arrived at the apartment the night before. The testimony of complainant confirms that appellant did not have a key to her apartment and the residence belonged to her and her mother, and not appellant. Nothing in the way of evidence was presented at trial to connect appellant to the residence. None of the possible affirmative links in the case at bar, have any applicability to the evidence adduced at trial.

The Court of Appeals linked Appellant to the contraband by reasoning that the complainant pointed out the drugs in her apartment. The fact that complainant pointed officers to the location of the contraband in her apartment does not affirmatively link Appellant to possession of the drugs found. Moreover, the fact that complainant told officers that she and Appellant had been in a relationship off and on, does not link Appellant to

possession of the residence. The Court of Appeals centered its ruling on Appellant's first point of error on these two factors alone. Based on these two factors, no rational trier of fact could have found beyond reasonable that Appellant's connection to the cocaine was more than fortuitous. These factors do not sufficiently nor do they logically link Appellant to possession of the drugs in the apartment, under the affirmative links test. The lack of additional independent facts, coupled with the actions of appellant, his statements and the given circumstances are insufficient to link him to the drugs. A reasonable trier of fact accepting the testimony of the State's witnesses as true, could not have inferred from the circumstances, that there were any affirmative links, as required by the Texas Court of Criminal Appeals, that would tie appellant to the contraband. The "affirmative links rule" is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs. *Poindexter v. State, 153 S.W. 2d 402, 406 (Tex.Crim.App. 2008).* The testimony of both officers at most supposes knowledge, and knowledge that is inferred does satisfy the requisite culpable mental state for the offense of which appellant was convicted. Even the Federal Fifth Circuit has taken the position asserted by Appellant in this matter. In *United States v. Jackson,* the court stated that no person should be subjected to punishment unless the evidence is

sufficient to show beyond reasonable doubt the existence of every fact necessary to constitute the crime charged. *United States v. Jackson, 426 F.2d 305 (5th Cir. 1970).* The court in *Jones,* stated one who owns or exercises dominion or control over the premises where drugs are found may be deemed to possess those drugs. *United States v. Jones, 133 F.3d 358 (5th Cir. 1998).* Appellant's knowledge of the mere presence of the drugs is insufficient to establish the requisite mental state, which is knowledge of his possession of the drugs. In addressing and balancing the factors set out by *Tex. Health & Safety Code Ann. § 481.112(a)*, as well as viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could not have found that appellant had actual care, custody, control or management of the drugs beyond a reasonable doubt.

## ARGUMENT

**II. The evidence presented was legally insufficient to prove the requisite intent for the offense of unlawful possession of a firearm by a felon.**

**A. The Standard of Review**

In reviewing the legal sufficiency of the evidence, we examine the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the

offense beyond a reasonable doubt. _Jackson v. Virginia,_ 443 U.S. 307, 318-319 (1979). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. _Id. at 319._ The trier of fact is the sole judge of the weight and credibility of the evidence. _Brown v. State,_ 270 S.W. 3d 564, 568 (Tex.Crim.App. 2008). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In analyzing whether the evidence was factually sufficient to support the conviction, we must determine "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." _Johnson v. State,_ 23 S.W. 3d 1, 11 (Tex. Crim. App. 2000).

## B. Application

To establish the offense of unlawful possession of a firearm by a felon, the State must show that the defendant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of the person's release from confinement. _Tex. Penal Code Ann. § 46.04(a)(1)._ The penal code defines possession as actual care,

custody, control or management. *Tex. Penal Code Ann. § 1.07(a)(39).* A person commits a possession offense only if he voluntarily possesses the prohibited item. *Tex. Penal Code Ann. § 6.01(a).* Possession is voluntary if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *Id. at § 6.01(b).* If the firearm is not found on the defendant's person or is not seen in the defendant's exclusive care, custody, control, or management, as in this case, the State must offer additional, independent facts and circumstances that link the defendant to the firearm. *Bates v. State, 155 S.W. 3d 212, 216-17 (Tex. App. – Dallas 2004).* The purpose of linking the accused to the firearm is to protect innocent bystanders from conviction solely on their fortuitous proximity to the firearm. *Poindexter v. State, 153 S.W. 3d 402, 406 (Tex.Crim.App. 2005).* Such links may be established by either direct or circumstantial evidence. *Evans v. State, 202 S.W. 3d 158, 161-62 (Tex.Crim.App. 2006).* An appellate court examines factors such as whether the firearm was in plain view, whether the defendant owned the premises where the firearm was found, whether the defendant made incriminating statements, whether the defendant was in close proximity to the firearm and had ready access to it, whether the defendant attempted to flee, whether the defendant's conduct indicated a consciousness of guilt,

whether the defendant had a special connection to the firearm, and whether the firearm was found in an enclosed space. *Smith v. State*, 176 S.W. 3d 907, 916 (Tex.App. – Dallas 2005). Significantly, it is the logical force of the factors, not the number of factors present that determines whether the elements of the offense have been established. *Id.*

It is obvious from testimony that Appellant did not have exclusive possession of the two firearms found at the residence. We must therefore apply the affirmative links test to the case at bar. When considering the logical force of the factors set out by precedence, the evidence is legally insufficient to link appellant to the firearms found at complainant's residence. A close look at the evidence presented at trial, shows that one of the firearms found was found in plain view by Officer Cole. However, when viewing the circumstances logically, this factor does not help to establish whether appellant had knowledge of possession of the firearm. Moreover, the testimony puts appellant in a closed in bathroom, which was a good distance from the firearm found. When analyzing the other possible affirmative links, none set up the elements of unlawful possession of a firearm by a felon. The evidence presented at trial did not establish appellant's ownership of the premises. Officer Wilkerson and Officer Cole, both admitted to assuming that appellant was resident of the premises.

Neither officer could confirm that appellant lived at the residence, and the State did not present evidence of a lease or other documents linking ownership to appellant. The uncontroverted testimony of complainant confirms that appellant did not have access or ownership rights to the residence. *(R.R. IV:7)* Appellant never made any statements in regards to either firearm belonging to him. *(R.R. III:90,114)* Both officers admit that when they encountered appellant was not in close proximity to either firearm, and at no point did he attempt to flee the residence. *(R.R. III:72)* When questioned as to appellant's behavior, Officer Wilkerson stated he was not nervous, hostile and did not appear to be hiding anything. *(R.R. III:71)* Officer Cole testified similarly that appellant appeared to confused as to situation, only displaying knowledge of the argument he and complainant had the night before. The State failed to present evidence as to whether appellant had a special connection to the firearm found.

Officer Wilkerson, through his own testimony admitted that he failed to dust the guns for fingerprints to confirm whether complainant or appellant had ever possessed either gun. *(R.R. III:90-91)* Officer Wilkerson did testify that he requested identification from appellant and that he saw him pull it out of a gray coat. *(R.R. III:45)* Officer Wilkerson later found the other firearm in that same gray coat. This factor appears to possibly link appellant to the

other firearm found. However, the inconsistent testimony of Officer Wilkerson, coupled with complainant and appellant's testimony, eliminates reasonableness of this factor. The testimony of Officer Wilkerson is controverted by the testimony of appellant, who states that his identification was in his pants pocket, along with the rest of the items he brought with him. *(R.R. III:166-167)* Furthermore, complainant testifies that appellant was not wearing a jacket on when he came to her home. *(R.R. IV:6-7)* The testimony of Officer Cole also conflicts with that of Officer Wilkerson's testimony, in regards to the gray coat and the finding of the second firearm. Officer Cole states, "I hear my partner, "You gonna try to shoot me?" *(R.R. III:109)* He further states, "I go in a couple of steps and he's showing me the other pistol. He's trying to go in the coat." *(Id.)* Officer Cole's testimony paints a picture of Officer Wilkerson seeing the weapon in an open area, almost surprisingly, before he makes the statement "You gonna try to shoot me?" This is inconsistent with Officer Wilkerson's version of the facts, as he stated he searched the coat and then found the gun. *(R.R. III:46)* Officer Cole further testifies that he never saw appellant in possession of the coat. *(R.R. III:109-110)*

As stated earlier, what determines whether the elements of the offense have been established is, the logical force of the factors that are

present. When viewing all of the evidence in the light most favorable to the prosecution, giving full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts, the evidence presented was legally insufficient for a rational jury to have found beyond a reasonable doubt that appellant possessed either firearm.

## PRAYER

Wherefore, premises considered, because there is nothing, even viewing the evidence in the light most favorable to the verdict, linking appellant to the contraband found at the residence, appellant respectfully prays that the Court hold the evidence before it to be legally insufficient, reverse the judgment of the trial court, and render a judgment of acquittal.

**Respectfully Submitted,**

**THE LAW OFFICE OF DARIAN HOWARD, PLLC**
P.O. Box 411252
Dallas, Texas  75241
(214) 372.3333 (Telephone)
(214) 372.3320 (Facsimile)


/s/ *Darian Howard*

**Darian Howard**
**State Bar No.  24067669**

ATTORNEY FOR KENNETH TURNER

**Certificate of Service**

I hereby certify that a true and correct copy of this instrument was forwarded via certified mail to all counsel of record on this the  17th day of August 2015.

/s/ *Darian Howard*
**Darian Howard**

**Certificate of Compliance**

I hereby certify that this Petition conforms to the requirements of TRAP 9, and consist of 4,282 words per TRAP 9.4(i)(2)(D).

/s/ *Darian Howard*
**Darian Howard**

**Affirmed and Opinion Filed October 29, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01486-CR
No. 05-13-01487-CR

**KENNETH RAY TURNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-51238-H & F13-51239-H**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Bridges

Kenneth Ray Turner appeals his convictions for possession of cocaine with the intent to deliver in cause number 05-13-01486-CR and unlawful possession of a firearm by a felon in cause number 05-13-1487-CR. A jury convicted Turner, and the trial court sentenced him to thirty-five years' imprisonment for the possession of cocaine with intent to deliver and ten years' imprisonment for the unlawful possession of a firearm by a felon, to run concurrently. In two points of error, Turner challenges the sufficiency of the evidence to support both of the trial court's judgments. We affirm the trial court's judgments. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

On the morning of January 9, 2013, complainant, Maytrice Smith, called the Dallas Police Department regarding a domestic disturbance with a weapon. Dallas police officers

Robert Wilkerson and Stephen Cole responded and arrived at Smith's apartment around 5:50 a.m. When the officers knocked on the apartment door, Smith answered the door upset, and whispered that Turner was sitting on the commode, he had hit her the night before, and he had a loaded gun on the dresser in the bedroom. Both officers could see Turner in the bathroom because the bathroom door was ajar. The officers entered the apartment and Cole secured the weapon, a 9 mm Glock handgun loaded with hollow point bullets, from the bedroom. Wilkerson approached Turner while Cole interviewed Smith.

Smith told Cole that she and Turner both lived at the apartment together, they had argued the night before, Turner physically assaulted her, and when she tried to call for help, Turner took the phone away and would not allow her to call the police. Eventually, Smith and Turner both fell asleep, and when Smith awoke at 5:00 a.m., she called the police. While being interviewed by Cole, Smith told Cole that Turner had "dope" in the bedroom on the dresser.

Wilkerson made contact with Turner while he was in the bathroom. Assuming he was going to arrest Turner to prevent further family violence, Wilkerson escorted Turner into the bedroom so that Turner could get dressed. Upon entering the bedroom, Wilkerson observed a brown paper lunch bag, full of what he believed to be marijuana and crack, sitting on the dresser. Wilkerson reported that when asked, Turner retrieved his identification from a jacket on the bedroom floor. Wilkerson allowed Turner to dress before hand-cuffing him. Wilkerson then picked up the jacket from the floor and noticed it felt heavy. Before handing the jacket to Turner, Wilkerson examined the jacket for contraband and found another loaded handgun in the same pocket where Turner had earlier retrieved his identification; this one a Smith & Wesson .40 caliber pistol with a 13-round clip. Wilkerson placed Tuner under arrest, escorted Turner outside, and secured him in the patrol car.

After Turner was escorted outside, Smith told Cole there were more drugs in the bedroom, and said she did not want any of "his drugs" to remain in the apartment. She told Cole, "He's cooking the drugs all the time." She went into the bedroom and showed Cole where to find a black box that contained marijuana, crack cocaine, and other paraphernalia. Smith told Cole, "I don't want none of this in here. Take all that." Smith also directed Cole to a substantial amount of cash.

The State introduced evidence of Turner's prior convictions. Turner was convicted: 1) on July 6, 2004 for unlawful possession of cocaine with intent to deliver and received five years' imprisonment; 2) on July 6, 2004, for unlawful possession of PCP and received five years' imprisonment; 3) on October 29, 2004, for unlawful possession of codeine and received five years' imprisonment; 4) on September 18, 2008, for unlawful possession of MDMA 3, 4-methylenedioxy methamphetamine with intent to deliver and received ten years' imprisonment; 5) on September 18, 2008, for unlawful possession of 400 grams of cocaine with intent to deliver and received ten years' imprisonment; and finally 6) on September 18, 2008, for unlawful possession of a firearm by a felon and received four years' imprisonment. Turner testified he was released from prison in February 2011.

At trial, Marcella St. John, an undercover narcotics officer with the Dallas Police Department clandestine lab squad, testified concerning the packaging and sale of marijuana and crack cocaine. St. John testified cocaine is cooked into a solid "cookie" of crack and then further broken down into smaller sizes to be distributed. St. John testified "your street-level user" would not be in possession of a "cookie" because they are addicts and "they smoke it as soon as they get it." She further explained that finding a "cookie" indicates the person is a dealer. St. John testified the different colored baggies were used to indicate the amount of crack in each bag – "It's happening so fast . . . they don't want to have to think about it . . . ." St. John reviewed the

evidence found in the apartment—a scale, marijuana in various sized bags, various colored baggies, rocks of crack in various sizes, a bigger "cookie" of crack, the loaded handguns, the box—and stated, "it's my opinion, based on everything that I have in front of me, it's definitely the tools of the trade of somebody that's distributing."

Turner was charged with possession of cocaine with intent to deliver, use of a deadly weapon, and unlawful possession of a firearm by a felon. A jury convicted Turner on the possession of cocaine with intent to deliver and the unlawful possession of a firearm; these appeals followed.

In both points of error, Turner argues the evidence is insufficient to support his convictions for possession of cocaine with the intent to deliver and unlawful possession of a firearm by a felon. When reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). It is the responsibility of the jury to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319. We may not substitute our judgment for that of the fact finder regarding the credibility of the evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The fact finder may choose to believe or disbelieve all or any part of any witness' testimony. *Taylor v. State*, 106 S.W.3d 827, 830 (Tex. App.—Dallas, 2003, no pet.).

Turner's first point of error argues the evidence is legally insufficient to prove his guilt beyond a reasonable doubt. Specifically, Turner complains the evidence fails to establish enough affirmative links to connect him with the cocaine found at the apartment.

To prove the unlawful-possession-of-a-controlled-substance element of the charged offense in this case, the State was required to prove that: 1) Turner exercised control, management, or care over the four grams or more of cocaine; and 2) Turner knew that the matter possessed was cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010); *Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011). Because Turner was not in exclusive control of the apartment, the State was also required to prove beyond a reasonable doubt that Turner's connection to the cocaine "was more than just fortuitous." *Id*. The number of factors linking Turner to the contraband is less important than the logical force with which all the evidence, both direct and circumstantial, connects Turner to the contraband. *Manivanh v. State*, 334 S.W.3d 23, 27 (Tex. App.—Dallas 2008, pet. ref'd). Possible affirmative links include: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Id*.

Turner argues the evidence fails to establish any affirmative links between him and the cocaine. We disagree. Viewed in the light most favorable to the verdict, the evidence reveals facts and circumstances which link Turner to the offense. Regarding Turner's right to possess the place where the drugs were found, although the apartment lease was not in Turner's name, Smith

reported she and Turner had been in a relationship "off and on" for over nine years and Turner's son was asleep on the couch. As for proximity, the apartment was very small and the bag with the marijuana and cocaine was in plain view and on the dresser beside the loaded weapon that Smith reported Turner used to threaten her. Both officers reported that Smith told them the drugs belonged to Turner and she wanted all of his drugs out of the apartment. Further, after Turner was handcuffed and taken out of the apartment, Smith voluntarily directed the officer to the hidden black box containing more drugs, paraphernalia, and a substantial amount of cash belonging to Turner. We conclude that these facts and circumstances sufficiently link Turner to the cocaine. *See Manivanh*, 334 S.W.3d at 27. Consequently, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. We overrule Turner's first point of error.

In his second point of error, Turner argues the evidence fails to establish the offense of unlawful possession of a firearm by a felon. Specifically, Turner argues there is no evidence affirmatively linking Turner to the firearms. The jury was charged, and found the evidence proved beyond a reasonable doubt, that Turner was a convicted felon and he intentionally or knowingly possessed a firearm after conviction and before the fifth anniversary of his release from confinement or parole following conviction of the felony. *See* TEX. PENAL CODE ANN. § 46.04 (West 2011). In cases involving unlawful possession of a firearm by a felon, we analyze the sufficiency of the evidence under the rules adopted for determining the sufficiency of the evidence in unlawful possession of a controlled substance cases. *See Young v. State*, 752 S.W.2d 137, 140 (Tex. App.—Dallas 1988, pet. ref'd).

Viewed in the light most favorable to the verdict, the evidence reveals facts and circumstances which link Turner to the firearms found in the apartment. The initial call to the Dallas Police Department was a request for assistance by Smith claiming Turner had physically

assaulted her and had a loaded weapon. The first handgun was found on the bedroom dresser, in plain view, next to a bag of contraband, exactly where Smith told the officers the gun was located. The second weapon was found in the same jacket pocket that Turner used to retrieve his identification when asked by the officer. We conclude that these facts and circumstances sufficiently link Turner to the firearms. *See Young*, 752 S.W.2d at 140. It is undisputed that Turner has multiple prior felony convictions within the temporal proximity to January 8, 2013. Consequently, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. We overrule Turner's second point of error.

We affirm the trial court's judgment.

DO NOT PUBLISH
TEX. R. APP. P. 47.
131486F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KENNETH RAY TURNER, Appellant

No. 05-13-01486-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F13-51238-H.
Opinion delivered by Justice Bridges.
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 29, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH RAY TURNER, Appellant

No. 05-13-01487-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F13-51239-H.
Opinion delivered by Justice Bridges.
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 29, 2014.